GOODENOUGH *v.* BURTON.

1. COSTS—SECURITY—CHANCERY COURT—JURISDICTION.
    Irrespective of whether section 9992, 3 Comp. Laws, applies to chancery causes, the circuit court in chancery has jurisdiction to order security for costs in a case before it, such power being incident to courts of general jurisdiction both at law and in equity.

2. APPEAL AND ERROR — REVIEW — MATTERS CONSIDERED — DISCRETIONARY RULINGS.
    This court will not review the exercise of discretion of a circuit judge in ruling on a motion for security for costs.

3. COSTS—SECURITY—MOTION—TIME TO FILE.
    Where a motion for security for costs is filed with, or soon after,

the answer, it is within the discretion of the circuit judge to determine whether it should be denied on the ground of laches.

4. DISMISSAL—SECURITY FOR COSTS—FAILURE TO FILE.

   It is proper to dismiss a bill for failure to comply with an order for security for costs, reasonable opportunity for compliance having been given.

Appeal from Barry; Smith, J. Submitted June 7, 1906. (Docket No. 59.) Decided October 1, 1906.

Bill by Triphena Goodenough against Edward A. Burton, administrator of the estate of Charles S. Burton, deceased, and others, for an accounting. From a decree dismissing the bill on failure to give security for costs, complainant appeals. Affirmed.

*Dwight Goss* (*Robert B. Dawson*, of counsel), for complainant.

*Colgrove & Potter*, for defendants.

HOOKER, J. In this cause the defendant moved for, and was granted, an order for security for costs, upon a showing that an execution could not be collected from the complainant's property. The motion was made 20 days after the answer was filed, presumably as soon as a session of court would permit of its being heard. The complainant opposed it on three grounds:

1. That the statute does not permit such an order in a chancery case.

2. That it is inequitable under the showing made, complainant admitting her poverty and filing an affidavit of merits.

3. That the motion was unduly delayed.

1. If the statute (section 9992, 3 Comp. Laws) does not apply to chancery causes, a court of equity has the power to order security for costs, which is incident to courts of general jurisdiction both at law and in equity. See *Newman* v. *Landrine*, 14 N. J. Eq. 292; *Dyer* v. *Dunivan*,

3 How. Prac. (N. Y.) 135; *People, ex rel. Fuller,* v. *Oneida Common Pleas,* 18 Wend. (N. Y.) 652; *Swift* v. *Collins,* 1 Denio (N. Y.), 659; *Bradwell* v. *Weeks,* 1 Johns. Ch. (N. Y.) 325; 19 Enc. Pl. & Prac. p. 340. Old Chancery Rule 6, and the present Rule 3, can have been based on nothing but such inherent power. See *Skinner* v. *Lucas,* 68 Mich. 424, which recognizes the validity of Rule 6.

2. This court will not review the discretion of the circuit judge, who makes or denies an order for security for costs.

3. While it is a general rule that an application for security should be made as early as practicable, it is commendable to accompany it by an answer to the merits, and where it is filed with or soon after such answer is filed it is within the discretion of the circuit judge to determine whether it should be denied on the ground of laches. *Shaw* v. *Wallace,* 2 Dall. (Pa.) 179; *Gedney* v. *Purdy,* 47 N. Y. 676.

4. It was proper to dismiss the bill for a failure to comply with the order, a reasonable opportunity having been given. *People, ex rel. Fuller,* v. *Oneida Common Pleas,* supra; *Gifford* v. *Roberts,* 125 Mich. 410.

The decree is affirmed, with costs of both courts.

MCALVAY, GRANT, MONTGOMERY, and MOORE, JJ., concurred.