LOTT *v.* HIRSCH.

Costs—Security—Motion to Dismiss.
    Suit for accounting was properly dismissed on motion of defendant to require plaintiff to file security for costs, where plaintiff, a nonresident, was afforded a reasonable opportunity to oppose the motion but failed to do so or file security for costs (CL 1948, § 613.8).

Appeal from Wayne; Marschner (Adolph F.), J. Submitted April 5, 1955. (Docket No. 20, Calendar No. 46,115.) Decided June 6, 1955.

Bill by Margretta B. Lott, individually and as administratrix of the estate of Clym J. Lott, deceased, against Eugene Jay Hirsch, Mortimer J. Liss and

---

References for Points in Headnotes
  14 Am Jur, Costs § 44.

Bess S. Liss.   Dismissed on failure of plaintiff to furnish security for costs.   Plaintiff appeals.   Affirmed.

*Dann & Rosenbaum,* for plaintiff.

*Eugene Jay Hirsch, in propria persona.*

BOYLES, J.   In this case plaintiff filed a bill of complaint in the circuit court for Wayne county in chancery seeking primarily an accounting from the defendants and a decree for ownership of certain personal property.   Defendants entered special appearances and filed separate motions that the plaintiff be required to file security for costs for the reason that the plaintiff was a nonresident of this State.   Reasonable opportunity was afforded to plaintiff to oppose the motions.   Nothing was filed or done in opposition.

It is admitted that the plaintiff was a resident of the State of Louisiana.   The court entered an order requiring the plaintiff to furnish security for costs before a certain date, in default of which the suit be dismissed.

Plaintiff did not file security for costs.   Subsequently the trial court entered an order dismissing the suit on motion to dismiss and affidavit in support thereof filed by the defendants.   Plaintiff appeals.

The statute requires that all plaintiffs who are nonresidents of the State of Michigan, on motion of the defendant, shall be required to furnish security for costs.   The trial court acted within its powers and in accordance with the statute in requiring the plaintiff to furnish security for costs and properly entered an order dismissing the suit for failure to comply.   CL 1948, § 613.8 (Stat Ann § 27.738); *Goodenough* v. *Burton,* 146 Mich 50.   Other grounds

for dismissal relied upon by the trial court as equally meritorious do not require discussion.

Affirmed. Costs to appellees.

CARR, C. J., and BUTZEL, SMITH, SHARPE, REID, DETHMERS, and KELLY, JJ., concurred.