GAFFIER v ST. JOHNS HOSPITAL

1. COSTS—COURT RULES—INDIGENTS—SECURITY BONDS.
    The prohibitions of one court rule against the assessment of
    certain fees and costs with respect to indigents refers to court
    costs and fees that must be paid by litigants to *the court;* they
    do not apply to the security bonds for the security of *a litigant*
    covered by another court rule (GCR 1963, 109, GCR 1963, 120).

2. COSTS—SECURITY BONDS—SUBSTANTIAL REASONS—INDIGENTS—
    COURT RULES.
    A motion to require a plaintiff to post a security bond to cover a
    defendant's costs, should they be awarded, should only be
    granted on the movant's showing of substantial reason; a bond
    should not be required simply because the plaintiff is poor
    (GCR 1963, 109).

3. COSTS—SECURITY BONDS—WAIVER—MERITORIOUS CLAIMS.
    There is a strong preference established by court rules for waiver
    of a security bond for costs which may be awarded where an
    indigent plaintiff's pleadings show a meritorious claim or a
    legitimate cause of action (GCR 1963, 109).

4. COSTS—SECURITY BONDS—WAIVER—PLEADING—EXPLANATION OF
    HARDSHIP—APPEAL AND ERROR—COURT RULES.
    It is an abuse of a trial court's discretion to fail to waive a
    security bond in an action where an indigent plaintiff has
    pleaded a legitimate cause of action and the defendant's motion
    for the bond gives no explanation of the necessity for any
    particular sum, nor indicates any particular hardship that will
    result if the bond should be denied (GCR 1963, 109).

Appeal from Wayne, Thomas J. Brennan, J.
Submitted February 4, 1976, at Detroit. (Docket
No. 23973.) Decided April 6, 1976.

Complaint by Rose Gaffier against St. Johns

REFERENCE FOR POINTS IN HEADNOTES
[1–4] 20 Am Jur 2d, Costs §§ 47–51.

Hospital, William H. Salot, Veeradhadra R. Aluri, Dr. L. Reynolds Associates, P.C., David E. Bryer, and Julian B. Alvarez-Calderon seeking damages for medical malpractice. Defendant hospital moved to require the plaintiff to post a security bond for costs. Motion granted. Plaintiff appeals by leave granted. Reversed and remanded for trial.

*Barbara, Ruby & Domol, P. C.,* for plaintiff.

*Garan, Lucow, Miller, Lehman, Seward & Cooper, P. C.,* for defendant St. Johns Hospital.

Before: BASHARA, P. J., and N. J. KAUFMAN and D. F. WALSH, JJ.

N. J. KAUFMAN, J. We are asked to determine when, if ever, an indigent plaintiff may be ordered to post a security bond for costs under GCR 1963, 109.

Plaintiff, an elderly woman whose sole income is a monthly social security check of $197, brought a six million dollar malpractice suit in Wayne County Circuit Court against defendant hospital and five doctors. Defendant hospital requested the court to order plaintiff to post a Rule 109 surety bond in an amount sufficient to cover all costs which might be awarded defendant hospital in the event it successfully defended the lawsuit. The trial court ordered plaintiff to file a surety bond of $2,500 with the court clerk. Plaintiff, through her attorneys, brings this interlocutory appeal, claiming that the security bond requirement is violative of equal protection doctrines[1] and contrary to GCR 1963, 120.

Both GCR 1963, 109, and GCR 1963, 120, con-

---

[1] US Const, Am XIV; Const 1963, art 1, § 2.

sider the problem of the litigation expenses of indigents.

GCR 1963, 109, reads, in pertinent part:

"In any civil actions, upon motion made by any defendant, all plaintiffs, when it appears reasonable and proper to the court, may be required to file with the clerk of court a bond to the defendant with sureties to be approved by the court in an amount sufficient to cover all costs which may be awarded by the trial court, or, if the plaintiff appeals, by both the trial and appellate courts, such amount to be determined by the court in its discretion. Notwithstanding the above:

"(1) any plaintiff who shows by affidavit that he is financially unable to furnish a security bond and whose complaint states a meritorious claim may be allowed to proceed without furnishing security for costs."

GCR 1963, 120, reads, in pertinent part:

".2 Suspension of Fees and Costs for Persons Receiving Public Assistance. Upon any person submitting to the clerk of the court an affidavit that he is then receiving any form of public assistance, the payment of all fees and costs as to that person in the action, required to be paid by law or court rule, shall thereupon be suspended.

".3 Waiver or Suspension of Fees and Costs by Court for Indigent Persons. In instances where the person is not receiving public assistance, the court shall order waiver of the payment of all fees and costs as to a person in the action, required to be paid by law or court rule, or shall order the suspension of the payment of those fees or costs until the conclusion of the litigation upon that person submitting to a judge of the court an *ex parte* affidavit stating facts showing that person's inability to pay those fees and costs because of indigency."

Were a Rule 109 security bond to be considered

a Rule 120 "fee or cost", Rule 120 would clearly mandate that defendant's motion for security be denied. This discretionary language of Rule 109 would be overruled by the mandatory language of Rule 120. However, we do not believe that the Supreme Court intended that the Rule 120 prohibitions against assessing indigents certain fees and costs were meant to cover Rule 109 security bonds.

Rule 120 is limited, by its express language, to "all fees and costs * * * *required to be paid by law or court rule".* (Emphasis supplied.) The rule, we believe, refers to court costs and fees that must be paid by litigants to *the court.* Statute and court rule mandate the payment of fees or costs to the court in a number of instances.[2]

Rule 109 does not concern a fee that must be paid to the court. *Cf., Caswell v Stearns,* 259 Mich 445; 243 NW 255 (1932). Rather than a mandatory payment to the court for administrative services rendered, Rule 109 provides for a discretionary order of security for a defendant. Rule 109 concerns the interests of both litigants, whereas Rule 120 concerns only the indigent vis-a-vis the state. Rule 120 determines that, as a matter of policy, an indigent need not pay certain fees or costs to the state; the rule does not determine that a defendant sued by an impecunious plaintiff can never have security for costs.

In sum, we do not believe that the Supreme Court's 1971 adoption of GCR 1963, 120, without any alteration of GCR 1963, 109, was intended to

[2] MCLA 728.4; MSA 27.3654 (common pleas steno fee), MCLA 728.19a; MSA 27.3670(1) (common pleas entry fee), MCLA 728.24; MSA 27.3675 (miscellaneous common pleas fees), MCLA 701.17; MSA 27.3178(17) (Probate Court fees), MCLA 711.2; MSA 27.3178(562) (name change fee), MCLA 600.2528-29; MSA 27A. 2528-29 (circuit court fees), MCLA 600.2537; MSA 27A.2537 (jury fee), GCR 1963, 902(4) (Supreme Court fees), GCR 1963, 822.3(1) (Court of Appeals fees), Wayne County Circuit Court Rule 3.4 (schedule of fees).

excuse impoverished plaintiffs from posting security in all cases.

We have only concluded that Rule 120 does not govern in this case; we must still determine how the applicable rule, Rule 109, is to be construed. As a preliminary matter, we believe that a Rule 109 security motion shall only be granted on the movant's showing substantial reason. *E.g., Rice v Naimish,* 8 Mich App 698; 155 NW2d 370 (1967) (if plaintiff were to litigate the issue a fifth time, the trial court should consider Rule 109 security.) The bond should certainly not be required simply because the plaintiff is poor. *Buckley v Johns,* How NP 64 (Wayne CC, 1868), cited in *In re Ford's Estate,* 339 Mich 339, 347; 63 NW2d 417 (1954).

If the trial court believes that a Rule 109 bond would be proper absent plaintiff's poverty, he must then assess the indigent plaintiff's financial ability to post bond. In this regard, the rule attempts to balance the right of a poor plaintiff to seek justice with the need of a defendant to have an opportunity for security. In our view, the rule establishes a strong preference for waiver of the bond where the indigent plaintiff's pleadings show a "meritorious claim"—*i.e.,* a legitimate cause of action. In cases where the indigent plaintiff's pleadings show a tenuous legal theory, the plaintiff's interest in free access to the courts becomes less significant when weighed against the defendant's greater need for security. In short, the fulcrum of the rule's balance is the legitimacy of the indigent plaintiff's theory of liability.

This is not to say that legitimacy of the claim will always be determinative. The rule clearly allows for sound trial court discretion. We can imagine few cases, however, where a discreet trial court will require an indigent plaintiff, pleading a valid theory of liability, to post security.

In the present case, assuming *arguendo* that a

security bond would have been proper absent plaintiff's poverty, we believe the trial court's failure to waive the bond was an abuse of discretion. Once it was determined that this plaintiff pleaded a legitimate cause of action, an order that this plaintiff post a $2,500 security bond was inappropriate. The security provided to this one defendant was more than plaintiff's yearly social security income.[3] Defendant's motion gave no explanation of the necessity of that sum, nor indicated any particular hardship that would result were the bond to be denied. We cannot bar this plaintiff from the courts because of her poverty.

We limit our holding to a determination that the present trial judge abused the sound discretion required of him by GCR 1963, 109.[4] No security bond should have been required. We need not consider on present appeal if a trial judge's proper exercise of the discretion allowed under the rule might ever be a denial of equal protection or due process. Compare *Boddie v Connecticut,* 401 US 371; 91 S Ct 780; 28 L Ed 2d 113 (1971), with *United States v Kras,* 409 US 434; 93 S Ct 631; 34 L Ed 2d 626 (1973), and *Ortwein v Schwab,* 410 US 656; 93 S Ct 1172; 35 L Ed 2d 572 (1973).

We reverse the court's order requiring a security bond in the present case and remand for further proceedings.

[3] We do not extensively consider defendant's assertion that an indigent plaintiff's attorney should be ordered to "advance" the GCR 1963, 109 security if that attorney has already advanced other expenses of litigation. It suffices to say that such an order would not only be of dubious ethical propriety, but would dissuade attorneys from representing impoverished clients. *See* Code of Professional Responsibility and Canons, DR5-103(B), and *Adkins v E I DuPont de Nemours & Co,* 335 US 331; 69 S Ct 85; 93 L Ed 43 (1948).

[4] Our decision to review the judge's discretion in ordering the security bond might suggest the demise of *Goodenough v Burton,* 146 Mich 50; 109 NW 52 (1906). *Goodenough* was never meant to prohibit an inquiry into an abuse of discretion. *See In re Ford's Estate,* 339 Mich 339, 346; 63 NW2d 417 (1954).