BELFIORI v ALLIS-CHALMERS, INC

Docket No. 52278. Submitted February 17, 1981, at Detroit.—Decided July 7, 1981.

Joyce Belfiori, as administratrix of the estate of Charles Belfiori, deceased, brought an action against Allis-Chalmers, Inc., under theories of wrongful death and products liability for damages arising out of the death of Charles Belfiori. Defendant moved for summary judgment, which motion was denied. However, the trial court, upon further motion by defendant, ordered plaintiff to post a security bond. Upon plaintiff's failure to post the bond in accordance with the order, the action was dismissed, Macomb Circuit Court, George R. Deneweth, J. Plaintiff appeals. The entitlement of the appeal was amended by order of the Court of Appeals to reflect that Samuel J. Belfiori, Jr., was the administrator of the estate at the time at which the appeal was heard. Plaintiff alleges that the trial court erred in failing to assess his financial ability to post the bond and in failing to inquire of the defendant of the necessity of the amount requested and that the trial court abused its discretion in dismissing plaintiff's action. *Held:*

1. The record reveals that the plaintiff made no showing of indigency, did not object to the setting of the bond in the trial court, and has failed subsequently to file an affidavit demonstrating financial inability to post the bond. The trial court, based on arguments presented, had substantial reason to grant defendant's request to order security for costs.

2. The trial court properly exercised its discretion in setting the amount of the bond.

3. The trial court properly exercised its discretion in dismiss-

REFERENCES FOR POINTS IN HEADNOTES

[1] 20 Am Jur 2d, Costs §§ 37, 38.

[2] 20 Am Jur 2d, Costs §§ 45, 47, 48.

[3, 4] 20 Am Jur 2d, Costs § 40.

[5] 20 Am Jur 2d, Costs § 43.

24 Am Jur 2d, Dismissal, Discontinuance, and Nonsuit §§ 55-57.

Dismissal of action for failure or refusal of plaintiff to obey court order. 4 ALR2d 348.

ing the action upon plaintiff's failure to post the bond in compliance with its order.

Affirmed.

1. BONDS — SECURITY BONDS — COURT RULES.

A trial court in a civil action should order the posting of a security bond by a plaintiff only upon a showing of a substantial reason by the moving party; an explanation of the reasons which necessitate the posting of a bond and an indication of any particular hardship which would result from a denial of the bond should be given on the record (GCR 1963, 109).

2. BONDS — SECURITY BONDS — JUDICIAL DISCRETION — PAUPERS.

A trial court is vested with a large degree of discretion in whether to set a security bond and in setting the amount of the bond, and the court may refuse to set a bond where a plaintiff shows by affidavit that he is financially unable to furnish the bond and where his complaint states a meritorious claim and it appears that an order to post security for costs would result in barring his access to the court.

3. BONDS — SECURITY BONDS — APPEAL — JUDICIAL DISCRETION.

The Court of Appeals will not review the discretion of a trial court to make or deny an order to post security for costs in an action; its sole function on appeal is to determine whether the trial court abused its discretion in setting the bond.

4. BONDS — SECURITY BONDS — COURTS — ORDERS — APPEAL.

A trial court, in order to facilitate meaningful appellate review, should articulate the basis for its decision to order the posting of a security bond and, where possible, the basis for the amount set.

5. ACTIONS — DISMISSAL OF ACTIONS — FAILURE TO POST SECURITY BONDS.

A trial court may dismiss an action where a plaintiff fails to comply with an order to post security for costs.

*Lopatin, Miller, Freedman, Bluestone, Erlich & Rosen* (by *Steven G. Silverman*), for plaintiff.

*Vandeveer, Garzia, Tonkin, Kerr & Heaphy, P.C.* (by *Dennis B. Cotter*), for defendant.

Before: D. C. RILEY, P.J., and BASHARA and MAC-KENZIE, JJ.

PER CURIAM. Joyce Belfiori, former plaintiff-administratrix of the estate of Charles Belfiori, filed a wrongful death products liability action in Macomb County Circuit Court on November 26, 1979. On April 7, 1980, the circuit judge denied defendant's motion for summary judgment but, at defendant's request, ordered plaintiff to post a $1,500 security bond. By order dated May .5, 1980, plaintiff was given two weeks to post the bond. Following plaintiff's failure to post bond in accordance with the order, the judge dismissed plaintiff's case with prejudice on June 3, 1980. Plaintiff appealed as of right. Entitlement of this appeal was amended by order of this Court to reflect that Samuel J. Belfiori, Jr., is the present administrator of this estate.

Plaintiff's decedent, Charles Belfiori, was an employee of the Ford Motor Company. On or about June 11, 1979, a "Hi Lo" forklift truck, manufactured by defendant and purchased by Ford, fell off a loading dock and into a well at Belfiori's work place. Belfiori supervised a group of employees who were attempting to lift the forklift out of the well. A cable from an overhead crane was attached to an eyelet at the top of the forklift's mast. As the forklift was raised off the ground, its weight shifted, and Belfiori was fatally crushed.

Plaintiff's complaint alleged negligence and breach of warranty against defendant, Allis-Chalmers, Inc. In its motion for summary judgment defendant claimed that "[a]s a matter of law, there is no duty on the part of the manufacturer of a product to provide devices and/or instruction regarding recovery of that product after a wreck". On April 7, 1980, following the hearing on its

motion, defendant orally requested the trial court to set a bond to secure costs:

"*[Defense Counsel]:* Your Honor, will you set a bond to secure costs?
"*The Court:* Yes, I will. What are you asking for to take the proceedings from here on out?
"*[Defense Counsel]:* Fifteen hundred dollars, Your Honor.
"*The Court:* Fifteen hundred dollars bond, counsel.
"*[Defense Counsel]:* Thank you, Your Honor."

This ruling came immediately after the judge denied defendant's motion for summary judgment. Although the judge believed that plaintiff's theory of liability was tenuous, in his discretion, he decided to allow plaintiff to pursue further discovery. Plaintiff voiced no objection to defendant's request for a bond nor to the amount at which it was set. Plaintiff did not post the bond or file an affidavit showing that plaintiff was unable to do so, and the case was dismissed. On appeal, plaintiff challenges the propriety of the lower court's actions.

Plaintiff's chief contention on appeal is that the court erred in failing to assess plaintiff's financial ability to post bond and in failing to inquire of defendant about the necessity of the amount requested. GCR 1963, 109, provides in pertinent part:

"In any civil actions, upon motion made by any defendant, any plaintiffs, *when it appears reasonable and proper to the court,* may be required to file with the clerk of court a bond to the defendant with sureties to be approved by the court in an amount sufficient to cover all costs which may be awarded by the trial court, or, if the plaintiff appeals, by both the trial and appellate courts, *such amount to be determined by the court in its discretion.* Notwithstanding the above:
"(1) any plaintiff *who shows by affidavit* that he is

financially unable to furnish a security bond and whose complaint states a meritorious claim may be allowed to proceed without furnishing security for costs * * *." (Emphasis added.)

*Gaffier v St John's Hospital,* 68 Mich App 474; 243 NW2d 20 (1976), is one of the few reported appellate cases interpreting GCR 109. In *Gaffier,* plaintiff was an elderly woman whose sole income came from a monthly social security check of $197. She brought a $6,000,000 malpractice suit against the defendant hospital and five doctors. At the request of the defendant hospital, the trial court ordered plaintiff to file a $2,500 surety bond with the court clerk. Plaintiff appealed by leave granted, and this Court reversed the trial court's order requiring the bond.

In *Gaffier,* after noting that the security provided to the defendant hospital was more than plaintiff's yearly social security income, the Court held that the trial judge abused his discretion in ordering plaintiff to post the security bond:

"Defendant's motion gave no explanation of the necessity of that sum, nor indicated any particular hardship that would result were the bond to be denied. We cannot bar this plaintiff from the courts because of her poverty." *Id.,* 479.

The *Gaffier* Court also stated that a security bond should be ordered only upon the "movant's showing substantial reason". *Id.,* 478. At several points throughout the opinion, the Court noted that the decision whether or not to grant a bond and the amount of the bond rests within the sound discretion of the trial court. *Id.,* 477-479. That trial courts are vested with a large degree of discretion in the matter of setting security bonds is well

established. In the case of *In re Ford's Estate*, 339 Mich 339, 346; 63 NW2d 417 (1954), our Supreme Court, quoting from *Goodenough v Burton*, 146 Mich 50; 109 NW 52 (1906), and *Balahoski v Kent Circuit Judge*, 243 Mich 70; 219 NW 597 (1928), held that:

" 'This Court will not review the discretion of the circuit judge who makes or denies an order for security for costs.' "

While the legal principles stated in *Gaffier* are instructive, the present case is distinguishable as the present plaintiff has made absolutely no showing of indigency. Plaintiff failed not only to interpose an objection at the time the bond was originally set but also has failed to file an affidavit demonstrating a financial inability to post the bond.

On appeal, our sole function is to determine whether the trial court abused its discretion in setting the bond. *In re Ford's Estate, supra,* 346. Our review of the record convinces us that the judge did not. Prior to ordering the bond, the judge had listened to the attorneys argue a summary judgment motion. Based on the arguments presented, as well as the file that existed at the time, he probably could have granted defendant's motion. He denied it, however, choosing to give plaintiff more time to develop plaintiff's case. We are of the opinion that the very fact that plaintiff's theory of liability was so tenuous provided the "substantial reason" for granting the motion for a security bond. See *Flanagan v General Motors Corp*, 95 Mich App 677; 291 NW2d 166 (1980).

We are also of the opinion that the judge did not

abuse his discretion in setting the bond at $1,500. Clearly, a trial judge will set the bond in light of his own experience. This fact was recognized and approved by the Supreme Court in *In re Ford's Estate, supra,* 346-347, where it stated:

"The unanswered allegations of defendants' motion and supporting affidavit regarding plaintiff's claim, *the files of this case containing that claim, and the files in other cases in that court (of which it might properly take judicial notice—Wilkinson v Conaty,* 65 Mich 614 [32 NW 841 (1887)], *People v Fleisher,* 322 Mich 474 [34 NW2d 15 (1948)], *disclosing the extent to which costs may reasonably be expected to mount in proceedings such as this, afforded ample basis for the probate court's exercise of its discretion* and its finding that it appeared to be reasonable and proper, as provided in section 5 of the statute, to require security for costs in the amount ordered." (Emphasis added.)

We conclude, therefore, that there was substantial reason for setting the bond in the instant case and that the amount of the bond was not unreasonable. In order to facilitate meaningful appellate review, however, we urge trial judges in the future to articulate the basis for their decision to set bond and, if possible, the basis for the amount set.

Finally, we conclude that the trial court did not abuse its discretion by imposing the sanction of dismissal for plaintiff's failure to comply with its order requiring security to be posted. Our Supreme Court continually has held that a trial court properly may dismiss an action where the plaintiff fails to comply with such an order. *Goodenough, supra,* 52, *Balahoski, supra,* 72, *Lott v Hirsch,* 342 Mich 376, 377; 70 NW2d 818 (1955).

Affirmed.