ZAPALSKI v BENTON

Docket No. 101183. Submitted December 12, 1988, at Detroit. Decided July 17, 1989. Leave to appeal applied for.

William R. Zapalski, Jr., as next friend of a fourteen-year-old girl, brought an action in Wayne Circuit Court against Michael Benton, a minor; Benton's parents, Jeffrey and Pat Benton; Jeff Tracy, a minor; Tracy's parents, Frank and Beverly Tracy; John Stone, a minor; John Murray, a minor; and Murray's mother, Virginia Murray. Plaintiff alleged that the victim had gone to the Benton home where Michael Benton, Jeff Tracy and John Stone disrobed her and threatened her with a knife. It was further alleged that Jeff Tracy forced the girl to have sexual intercourse while Michael Benton and John Stone restrained her, and that John Murray was present at the time of the assault and did not attempt to stop it. Count I of plaintiff's complaint sought recovery from John Murray for negligence in failing to prevent the victim's injuries. Count II sought recovery from the parents named as defendants for negligent parental supervision and Count III sought recovery from Jeff Tracy, John Stone and Michael Benton for assault. The trial court, Roland L. Olzark, J., sua sponte ordered plaintiff to post a $2,500 bond as security for defendants' costs. The court subsequently granted summary disposition in favor of Mr. and Mrs. Tracy as to the claim of negligent parental supervision made against them, ruling that there existed no genuine issues of material fact and that they were entitled to judgment as a matter of law. The court subsequently dismissed all claims against the remaining defendants when plaintiff failed to post a security bond as ordered. Plaintiff appealed.

The Court of Appeals held:

1. Parents are under a duty to exercise reasonable care to control their minor children to prevent them from intentionally harming others if the parents know or have reason to know of the necessity and opportunity for doing so. However,

REFERENCES

Am Jur 2d, Costs §§ 37 et seq.; Parent and Child §§ 116 et seq.
Parent's liability for injury or damage intentionally inflicted by minor child. 54 ALR3d 974.

parents may not be held liable where supervision would not have made the parents aware of their child's tortious propensities. Here, nothing in the record indicated that Mr. and Mrs. Tracy should have foreseen the sort of sexually assaultive conduct their son allegedly engaged in. Summary disposition in favor of Mr. and Mrs. Tracy was therefore proper.

2. The decision to require a plaintiff to post a security bond for a defendant's costs is a matter within the sound discretion of the trial court. Security should not be required in the absence of substantial reason therefor. The assertion of groundless allegations or a tenuous legal theory of liability may provide sufficient reason for ordering that security be posted. Here, substantial reason existed for ordering security as to Counts I and II (claims against the minor who did not participate in the assault and against all parental defendants) since these counts rested upon tenuous legal theories. Their dismissal for lack of security for costs was proper. However, security for costs should not have been ordered as to Count III (plaintiff's assault claims against Jeff Tracy, John Stone and Michael Benton) since that count was neither groundless nor insubstantial. Dismissal of Count III on the basis of plaintiff's failure to provide security for costs was improper.

Dismissal of Counts I and II is affirmed, dismissal of Count III is reversed, and the case is remanded for further proceedings on Count III.

1. PARENT AND CHILD — PARENTAL CONTROL — NEGLIGENCE.

Parents are under a duty to exercise reasonable care to control their minor children to prevent them from intentionally harming others if the parents know or have reason to know of the necessity and opportunity for doing so; liability for negligent supervision will not lie where supervision would not have made the parents aware of their child's tortious propensities.

2. BONDS — SECURITY BONDS — COURT RULES.

The decision to require a plaintiff to post a security bond for a defendant's costs, upon the defendant's motion or the court's own motion, is a matter within the trial court's discretion; security should not be required in the absence of substantial reason therefor; the assertion of groundless allegations or a tenuous legal theory of liability may provide sufficient reason for ordering the posting of security (MCR 2.109).

*Joan Ellerbusch Morgan,* and *Deborah LaBelle,* of Counsel, for plaintiff.

*Draugelis, Ashton, Scully, Haynes, MacLean, Pollard & DiSteffano* (by *John T. MacLean* and *Kurt A. Olson*), for defendants Benton.

*Conklin, Loesch & Caravas* (by *Erik Hildinger* and *Gary W. Caravas*), for defendants Tracy.

*Romain, Donofrio, Kuck & Egerer, P.C.* (by *Pat M. Donofrio*), for defendant Stone.

*Garan, Lucow, Miller, Seward, Cooper & Becker, P.C.* (by *Milton Lucow* and *Mark C. Smiley*), for defendants Murray.

Before: BEASLEY, P.J., and GILLIS and J. T. HAMMOND,* JJ.

J. T. HAMMOND, J. Plaintiff appeals as of right from the orders of the Wayne Circuit Court granting summary disposition in favor of defendants Frank and Beverly Tracy and dismissing plaintiff's claims against the remaining defendants for failure to file security for costs. We affirm in part and reverse in part.

On May 20, 1985, plaintiff, as next friend of a fourteen-year-old victim, brought this action against defendant minors and their parents for damages sustained by the victim when she was assaulted and raped. Plaintiff alleges that on June 19, 1984, the victim accompanied defendant Ann Marie Flores to the home of defendant Michael Benton where Benton and defendants Jeff Tracy and John Stone disrobed her and threatened her with a knife. Minor Tracy is alleged to have forced the victim to have sexual intercourse while minors Benton and Stone restrained her. Plaintiff further alleges that minors Flores and Murray were pres-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ent at the time of the assault but did not attempt to stop it. The victim and all five minor defendants were fourteen years old at the time.

Plaintiff's three-count complaint seeks recovery from minor defendants Flores and Murray for negligence in failing to prevent the victim's injuries (Count I), from the parents of all five minor defendants for negligent parental supervision (Count II), and from minor defendants Tracy, Stone and Benton for assault (Count III). Plaintiff has stipulated to the dismissal of all claims against Ann Marie Flores and her parents and defendant parents Leonard and Catherine Stone, hence they are not parties to this appeal.

On April 25, 1986, the trial court held a hearing on summary disposition motions filed by defendant parents Tracy and Murray. Defendants asserted that the allegations of plaintiff's complaint failed to establish that they had knowledge of or control over the alleged acts of their children. Observing that plaintiff's claims of parental negligence appeared tenuous, the trial court denied the motions for summary disposition but ordered plaintiff to complete discovery to find actual support for the negligent parental supervision claims within three months and to file a $2,500 bond. A written order was entered on May 15, 1986. At a July 11, 1986, hearing on plaintiff's motion for rehearing, the trial court modified its security order from the bench, directing plaintiff to place the $2,500 in an interest-bearing account with plaintiff's counsel as trustee within twenty-one days. However, no written order was entered as to this modification.

On December 2, 1986, defendants Frank and Beverly Tracy again moved for summary disposition pursuant to MCR 2.116(C)(10), on the basis that plaintiff's extensive discovery failed to show any genuine issue of any material fact. The Tracys

were ordered to produce their son's psychiatric records for in-camera inspection by the court. At a hearing held February 20, 1987, the trial court stated that it found nothing in its in-camera review of the psychiatric records to support holding the Tracy parents liable for negligent supervision. Plaintiff's counsel then requested the opportunity to depose the psychiatrist. The trial court started to grant the request, but when defense counsel informed the court that bond was never filed, the court stated that the case was dismissed and summary disposition would be granted. A written order granting summary disposition as to defendants Frank and Beverly Tracy only was entered March 20, 1987.

On April 3, 1987, a hearing was held on several motions and proposed orders filed by various parties requesting summary disposition, settlement, dismissal, and attorney fees. After plaintiff's counsel disclosed that a bond still had not been filed, as required by the trial court order entered May 15, 1986, the trial court ordered plaintiff to post security within seven days or the case would be dismissed. On May 18, 1987, the case was dismissed with prejudice for failure to post bond.

On appeal, plaintiff first contends that the grant of summary disposition in favor of defendants Frank and Beverly Tracy was improper because a genuine issue of material fact existed as to the Tracys' knowledge of the necessity for exercising parental supervision over their son. We disagree.

We note that plaintiff apparently elected not to bring the claims against the parental defendants under the provision of the Revised Judicature Act holding parents vicariously and strictly liable for bodily harm maliciously caused by their children. MCL 600.2913; MSA 27A.2913. Instead, plaintiff sought recovery under a negligent parental super-

vision theory. This being so, plaintiff could not merely allege vicarious responsibility for the tortious acts of the child, but was required to allege negligent conduct on the part of the parents themselves. *Dortman v Lester,* 380 Mich 80, 84; 155 NW2d 846 (1968). Parents may be held liable for failing to exercise the control necessary to prevent their children from intentionally harming others if they know or have reason to know of the necessity and opportunity for doing so. *Id.; American States Ins Co v Albin,* 118 Mich App 201, 206; 324 NW2d 574 (1982), lv den 417 Mich 955 (1983). Liability for negligent supervision will not lie where supervision would not have made the parents aware of their child's tortious propensities. *Muma v Brown,* 378 Mich 637, 645; 148 NW2d 760 (1967).

Here, plaintiff was permitted to amend the complaint to allege that defendant parents should have known of their children's dangerous and aggressive propensities. However, after months of extensive discovery, plaintiff failed to establish the necessary factual support for the claim. While plaintiff's discovery efforts revealed that minor Tracy had a history of delinquent behavior, we find nothing in this generalized background which would enable his parents to foresee the sort of sexually assaultive conduct alleged. *Muma v Brown, supra,* p 645. Thus, we find that summary disposition was appropriate on the merits.

Plaintiff next argues that the court erred in ordering him to post a security bond and in dismissing the case in its entirety for failure to post the bond. Courts are authorized to require the posting of security for costs by MCR 2.109(A), which provides in pertinent part:

> On motion of a party against whom a claim has been asserted in a civil action, if it appears reason-

able and proper, the court may order the opposing party to file with the court clerk a bond with surety as required by the court in an amount sufficient to cover all costs and other recoverable expenses that may be awarded by the trial court, or, if the claiming party appeals, by the trial and appellate courts. The court shall determine the amount in its discretion.

The decision to require security is a matter within the sound discretion of the trial court and our review is limited to determining whether such discretion has been abused. *Belfiori v Allis-Chalmers, Inc,* 107 Mich App 595, 599-600; 309 NW2d 682 (1981). This ·Court has held that security should not be required in the absence of substantial reason therefor. *Gaffier v St Johns Hospital,* 68 Mich App 474, 478; 243 NW2d 20 (1976). The assertion of groundless allegations or a tenuous legal theory of liability may provide sufficient reason for ordering security to be posted. *Wells v Fruehauf Corp,* 170 Mich App 326, 335; 428 NW2d 1 (1988).

We are unpersuaded by plaintiff's argument that the trial court abused its discretion in sua sponte ordering plaintiff to file security. We do not believe the court rule prohibits a court from imposing bond on its own initiative. For example, the rule expressly allows courts to order new or additional security at any time. MCR 2.109(D). The ruling seems especially proper here since at the April 25, 1986, hearing counsel for defendants Murray indicated that he would have moved for the posting of bond had the court not done so on its own.

The trial court did not err by failing to exempt plaintiff from its security order due to financial inability to furnish a security bond under MCR

2.109(C)(1). The court reviewed plaintiff's affidavits alleging indigency and was entirely correct in finding that plaintiff was financially able to post bond. Nor did the court abuse its discretion in setting bond at $2,500. *Belfiori, supra,* pp 600-601.

However, we find the trial court did exceed its authority in ordering security to be posted for all of plaintiff's claims. Substantial reason existed for ordering security as to Counts I and II, i.e., plaintiff's claims against the minors who did not participate in the assault and against all parental defendants, since these claims rested upon tenuous legal theories of culpable nonfeasance. However, plaintiff's assault claims against defendants Jeff Tracy, John Stone and Michael Benton were neither groundless nor insubstantial, and security should not have been ordered as to these claims. It was entirely proper for the court to dismiss plaintiff's claims in Counts I and II for failure to comply with its valid security orders. *Belfiori, supra,* p 601; *Wells, supra,* p 339. However, to the extent the court also dismissed plaintiff's assault claims in Count III, for which security should not have been ordered, the dismissal was improper. We reject plaintiff's arguments that dismissal was improper because the court never entered an order reflecting its July 11, 1986, modification of its previous security order and because several defendants were already in default. The security order became effective with the entry of the May 15, 1986, order. No default orders were entered against any defendant.

The dismissal order of May 18, 1987, is affirmed as to Counts I and II, but reversed and remanded for further proceedings as to Count III against defendants Jeff Tracy, John Stone, and Michael Benton. We do not retain jurisdiction.