HALL v HARMONY HILLS RECREATION, INC

Docket No. 112982. Submitted February 15, 1990, at Lansing. Decided November 19, 1990, at 9:09 A.M.

Francis and Vicky Hall filed suit against Harmony Hills Recreation, Inc., doing business as Brentwood Lanes, in Tuscola Circuit Court, seeking damages for injuries suffered by Francis Hall in two slip and fall incidents on the defendant's premises on February 3, 1984. The first trial ended in a mistrial on January 8, 1988, and retrial was scheduled to begin Monday, October 24, 1988. On October 13, 1988, the defendant moved to have the plaintiffs post a security bond to cover the defendant's costs should they be awarded. The court, Patrick R. Joslyn, J., granted the defendant's motion and ordered the plaintiffs to file a security bond of $2,000. When the plaintiffs failed to post the bond, the court dismissed their complaint. The plaintiffs appealed.

The Court of Appeals *held:*

1. The defendant's motion for security was untimely. The motion was filed more than two years after the complaint was filed and more than nine months after the first trial ended in a mistrial. An application for security for costs must be made as early as practicable, preferably with, or soon after, a party's answer to the complaint. Even assuming the defendant had a proper basis for requesting security, it did not put forth any valid reason to support a finding that it filed the motion for security as soon as practicable.

2. A party is required to show a substantial reason for requiring an opposing party to file a security bond before the motion can be granted. In this case, the plaintiffs' claims of negligence against the defendant are not groundless and unwarranted; thus, it is only the plaintiffs' relative poverty which supports the court's order for security. Poverty alone is not a substantial reason to grant a motion for security.

3. The court rules provide an exception to providing security when a party's pleading states a legitimate claim and the party

REFERENCES
Am Jur 2d, Costs §§ 38, 41-43.
See the Index to Annotations under Costs of Actions.

shows by affidavit financial inability to furnish a security bond. Assuming that a security bond would have been proper in this case absent the plaintiffs' poverty, the trial court's failure to waive the bond was an abuse of discretion. The court made no finding on the legitimacy of the plaintiffs' claim set forth in their pleading before ordering them to furnish a security bond. Given the clear legitimacy of the plaintiffs' claim and their financial inability to post a bond which for them would have been substantial, the requirement should have been waived.

4. A court may properly dismiss a party's claim for failure to file a security bond as ordered only where it has given the party a reasonable opportunity to comply with the order. Under the circumstances of this case, the period in question did not afford the plaintiffs a reasonable opportunity to comply with the court's order. The trial court abused its discretion in ordering the plaintiffs to file a security bond and subsequently dismissing their claim for failing to obey that order.

Reversed and remanded.

1. Costs — Security Bonds — Motions and Orders — Timeliness.
   A motion for security for costs should be filed with, or soon after, a party's answer to a complaint.

2. Costs — Security Bonds — Substantial Reason — Poverty.
   A motion to require a party to post a security bond to cover the movant's costs should be granted only upon the movant's showing of a substantial reason; poverty alone is not a substantial reason to grant a motion for a security bond (MCR 2.109[A]).

3. Costs — Security Bonds — Court Rules.
   The decision to require a party to post a security bond for costs upon the opposing party's or the court's own motion is a matter within the discretion of the trial court; security should not be required in the absence of a substantial reason; the assertion of groundless allegations or a tenuous legal theory of liability may provide sufficient reason for ordering the posting of security (MCR 2.109).

4. Costs — Security Bonds — Waiver — Pleading.
   It is an abuse of a trial court's discretion to fail to waive a security bond in an action where a party who is financially unable to furnish a security bond has pleaded a legitimate cause of action and the opposing party's motion for the bond gives no explanation of the necessity for any particular sum or indicates any particular hardship that will result if the bond should be denied (MCR 2.109).

5. COSTS — SECURITY BONDS — FAILURE TO PROVIDE BONDS.

A court may properly dismiss a party's claim when the party does not file a security bond as ordered, but only if it has given the party a reasonable opportunity to comply with the order.

*Abbey & Abbey* (by *Thomas D. Abbey*), for the plaintiffs.

*Kallas, Lower, Henk & Treado, P.C.* (by *Ted M. Kozerski*), for the defendant.

Before: MICHAEL J. KELLY, P.J., and WAHLS and SAWYER, JJ.

WAHLS, J. Plaintiffs Francis and Vicky Hall filed this tort action against defendant Harmony Hills Recreation, Inc., on July 3, 1986, in Tuscola Circuit Court. The Halls alleged that Francis Hall fell and injured himself while he was a business invitee at defendant's bowling alley on February 3, 1984. Hall, whose left leg was amputated in 1977, was walking on crutches in defendant's lavatory when he allegedly slipped on water which had accumulated on the floor. Shortly afterward, Hall left the bowling alley and allegedly slipped on snow and ice which had accumulated on defendant's parking lot. The first trial of this case ended in a mistrial on January 8, 1988, when a juror informed the trial court that she recognized plaintiffs' second witness and was so prejudiced against the witness that she could not render an impartial verdict and, further, that she had discussed the matter with other jurors. Nine months later, on Friday, October 21, 1988, the trial court granted defendant's October 13, 1988, motion for security for costs under MCR 2.109 and ordered plaintiffs to file a security bond of $2,000 by Monday, October 24, 1988, the first day of the retrial. The trial court ultimately dismissed plaintiffs' complaint on

October 24, 1988, because plaintiffs did not file a security bond as ordered. Plaintiffs appeal as of right.

We hold, for several reasons set forth in this opinion, that the trial court in this case abused its discretion when it ordered plaintiffs to file a security bond and subsequently dismissed plaintiffs' claim for failing to obey that order. Therefore, we reverse the trial court's order dismissing plaintiffs' complaint and the order requiring plaintiffs to file a security bond.

In the trial court, as on appeal, defendant argued that the order requiring a security bond was proper because several conflicts between Francis Hall's trial testimony and Hall's deposition testimony seriously undermined Hall's credibility and made it likely that a jury would not believe Hall. Additionally, defendant cited minor conflicts at trial between Hall's and plaintiffs' eyewitness' testimony, and also cited apparently equivocal deposition testimony on causation by plaintiffs' medical expert. Defendant also alleged that plaintiffs would be financially unable to pay costs and expenses after final judgment. We find that defendant's arguments do not support an order requiring a security bond in this case.

MCR 2.109 (Security for Costs) provides in part:

(A) Motion. On motion of a party against whom a claim has been asserted in a civil action, if it appears reasonable and proper, the court may order the opposing party to file with the court clerk a bond with surety as required by the court in an amount sufficient to cover all costs and other recoverable expenses that may be awarded by the trial court . . . . The court shall determine the amount in its discretion. . . .

\* \* \*

(C) Exceptions. Subrule (A) does not apply in the following circumstances:

(1) The court may allow a party to proceed without furnishing security for costs if the party's pleading states a legitimate claim and the party shows by affidavit that he or she is financially unable to furnish a security bond.

Initially, we note the general rule set forth in an early Michigan Supreme Court case that "an application for security should be made as early as practicable," e.g., "with or soon after [the] answer." *Goodenough v Burton,* 146 Mich 50, 52; 109 NW 52 (1906). For example, a motion for security accompanying a timely motion for summary disposition based on circumstances coming to light during discovery is made as soon after the answer as is practicable. See, e.g., *Wells v Fruehauf Corp,* 170 Mich App 326, 330-331; 428 NW2d 1 (1988) (dubious merit of claims and absence of expert witness who would support claims). Although MCR 2.109(D) purportedly gives the court discretion to "order new or additional security at any time," the listed conditions only provide for *new* security when the opposing party moves out of Michigan.

In this case, defendant's motion for security was filed over two years after the complaint, and over nine months after the first trial. The primary basis of defendant's motion for security was the alleged incredibility of testimony given at the first trial. Even assuming that this was a proper basis for requesting security, defendant has not put forth any valid reason to support a finding that it filed the motion for security as soon as practicable. Therefore, we find that defendant's motion was untimely.

Considering the merits of defendant's motion, MCR 2.109(A) provides for security "if it appears

reasonable and proper." In *Gaffier v St Johns Hosp,* 68 Mich App 474, 478; 243 NW2d 20 (1976), this Court stated its belief that GCR 1963, 109, the predecessor of MCR 2.109(A), required the moving party to show a "substantial reason" for requiring the opposing party to file a security bond before the motion could be granted. See also *Zapalski v Benton,* 178 Mich App 398, 404; 444 NW2d 171 (1989); *Wells, supra,* p 335; *Belfiori v Allis-Chalmers, Inc,* 107 Mich App 595, 599; 309 NW2d 682 (1981). In *Wells, supra,* p 335, this Court reiterated the holdings of prior decisions on what can constitute a substantial reason for ordering security:

> The plaintiff's poverty alone is not substantial reason to grant a motion for security. [*Gaffier, supra,* pp 478-479]. Assertion of a tenuous legal theory of liability can provide substantial reason to grant such a motion. *Belfiori . . . supra,* p 600. An order to post security for costs can also be appropriate where there is good reason to believe that a party's allegations, although they cannot be summarily dismissed under MCR 2.116, are nonetheless groundless and unwarranted. *Flanagan* [*v General Motors Corp,* 95 Mich App 677, 683; 291 NW2d 166 (1980)].

See also *Zapalski, supra,* p 404. The decision to require security is a matter within the sound discretion of the trial court and will not be reversed unless the trial court has abused that discretion. *Id.*

In this case, plaintiffs' allegations that defendant negligently allowed water to accumulate on the lavatory floor and negligently allowed snow and ice to accumulate on the parking lot causing its business invitee Francis Hall to fall and injure himself was hardly the assertion of a tenuous legal theory. And although we acknowledge that there

are conflicts in the "evidence," plaintiffs' allegations are not groundless and unwarranted; there is still *significant* support for plaintiffs' claims. Regarding plaintiffs' legal theory and supporting evidence, we note that defendant has never moved for summary disposition of plaintiffs' claim on any ground. Since there is only plaintiffs' relative poverty "supporting" the court's order, we find that defendant did not show a substantial reason for requiring plaintiffs to file a security bond.

As quoted above, the court rule provides an exception to providing security when "the party's pleading states a legitimate claim and the party shows by affidavit that he or she is financially unable to furnish a security bond." MCR 2.109(C)(1). The court's determinations on the legitimacy of the claim and financial ability are findings of fact and will not be reversed by this Court unless they are clearly erroneous. *Wells, supra,* pp 337-338; MCR 2.613(C). However, "the decision to waive security under MCR 2.109(B)(1) [now (C)(1)] is a matter addressed to the sound discretion of the lower court." *Wells, supra,* p 336, citing *Gaffier, supra,* p 478. See also 1 Martin, Dean & Webster, Michigan Court Rules Practice, pp 172-173.

In exercising its discretion, the court should view the required findings on legitimacy and financial ability in a relative sense. In *Gaffier, supra,* p 478, this Court thoroughly examined and explained how discretion should be exercised under the former version of MCR 2.109(C)(1):

> If the trial court believes that a Rule 109 bond would be proper absent plaintiff's poverty, he must then assess the indigent plaintiff's financial ability to post bond. In this regard, the rule attempts to balance the right of a poor plaintiff to seek justice with the need of a defendant to have an opportunity for security. In our view, the rule establishes

a strong preference for waiver of the bond where the indigent plaintiff's pleadings show a "meritorious claim"—i.e., a legitimate cause of action. In cases where the indigent plaintiff's pleadings show a tenuous legal theory, the plaintiff's interest in free access to the courts becomes less significant when weighed against the defendant's greater need for security. In short, the fulcrum of the rule's balance is the legitimacy of the indigent plaintiff's theory of liability.

This is not to say that legitimacy of the claim will always be determinative. The rule clearly allows for sound trial court discretion. We can imagine few cases, however, where a discreet trial court will require an indigent plaintiff, pleading a valid theory of liability, to post security.

In support of its finding of an abuse of discretion, this Court in *Gaffier, supra,* p 479, wrote:

The security provided to this one defendant was more than plaintiff's yearly . . . income. Defendant's motion gave no explanation of the necessity of that sum, nor indicated any particular hardship that would result were the bond to be denied. We cannot bar this plaintiff from the courts because of her poverty.

We adopt the quoted passages from *Gaffier, supra,* pp 478-479, as the correct statement of how discretion should be exercised under the present version of the rule. See *Wells, supra,* pp 336-337. In doing so, we note that the rule does not require indigency, but merely financial inability to furnish a security bond.

In the present case, assuming that a security bond would have been proper absent plaintiffs' poverty, we believe the trial court's failure to waive the bond was an abuse of discretion. We note that the trial court did not make any finding on the legitimacy of the claim set forth in plain-

tiffs' pleading before ordering plaintiffs to furnish a security bond. In fact, it appears that the trial court was not even aware that it was limited to plaintiffs' pleading. As previously indicated, we find that plaintiffs' pleading states a legitimate claim. Regarding plaintiffs' financial ability to furnish a security bond, plaintiffs filed an affidavit showing that their total gross household income was approximately $1,500 per month for the support of plaintiffs and two children. Plaintiffs' expenses exceeded their income. Plaintiffs expressly *did not include* miscellaneous expenses such as car and house repairs or recreation. Plaintiffs also listed numerous types of personal property that they *did not own,* such as stocks, bonds, IRA accounts, life insurance, and boats. Under the circumstances, we find that the trial court's finding, "I don't think that two thousand dollars [bond] is all that out of line under the Court Rule," is clearly erroneous. Given the clear legitimacy of plaintiffs' claim, and plaintiffs' financial inability to post such a substantial bond, we find that the requirement of posting a security bond should have been waived.

Finally, a court may properly dismiss a party's claim when the party does not file a security bond as ordered. *Wells, supra,* p 339, *Belfiori, supra,* p 601, citing *Goodenough, supra,* p 52, *Balahoski v Kent Circuit Judge,* 243 Mich 70, 72; 219 NW 597 (1928), and *Lott v Hirsch,* 342 Mich 376, 377; 70 NW2d 818 (1955); see also MCR 2.504(B)(1) (involuntary dismissal of a plaintiff's claim). However, the court may do so only if it has given the party a reasonable opportunity to comply with the order. *Goodenough, supra,* p 52; *Balahoski, supra,* p 72. Whether a party was given a reasonable opportunity to comply with an order to furnish a security bond will, of course, depend on the circumstances

of each case, e.g., the amount of bond ordered relative to the party's financial resources and the availability of bond during the period the party has to obey the order. Under the circumstances of this case, we find that the period from Friday afternoon to nine o'clock Monday morning did not afford the plaintiffs a reasonable opportunity to comply with the trial court's order.

For the reasons set forth above, we hold that the trial court in this case abused its discretion when it ordered plaintiffs to file a security bond and subsequently dismissed plaintiffs' claim for failing to obey that order. The trial court's orders are therefore reversed, and this case is remanded to the trial court.

Reversed and remanded. We do not retain jurisdiction.