*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DEBRA MARBLY,

      Plaintiff-Appellant,

v

BRANDI ROBERTSON,

      Defendant,

and

AMERICAN COUNTRY INSURANCE
COMPANY,

      Defendant-Appellee.

UNPUBLISHED
June 17, 2021

No. 348911
Wayne County Circuit
LC No. 18-015441-NI

Before: REDFORD, P.J., and BORRELLO and TUKEL, JJ.

PER CURIAM.

Plaintiff Debra Marbly appeals as of right the trial court's order granting defendant American Country Insurance Company's (ACI) motion for dismissal that was premised on plaintiff's failure to post a bond. For the reasons set forth in this opinion, we reverse.

## I. BACKGROUND

As we explained in our prior opinion involving this dispute under the no-fault act,

> This case arises out of injuries Marbly alleges she sustained in a rear-end collision. At the time of the accident, Marbly was working for G1 Transportation (G1) as a "transport driver," transporting patients to and from doctors' appointments in a minivan owned by G1 and insured by ACI. According to Marbly, as a result of the injuries she sustained in the accident, she required assistance from her daughters with everyday tasks, and she had agreed to pay them for providing such assistance. Through PIP coverage, Marbly sought compensation for those services from ACI. After ACI denied her claim, Marbly instituted this action. ACI

-1-

moved for summary disposition, producing surveillance footage tending to suggest that Marbly was able to perform many of the tasks she had claimed an inability, or limited ability, to perform. ACI argued that under a fraud-exclusion clause in the no-fault policy, Marbly's claim for benefits was barred. The trial court agreed, holding that in light of the surveillance footage, reasonable minds could not differ about whether Marbly intentionally made material misrepresentations regarding her claim to benefits. Thus, the trial court granted ACI summary disposition of Marbly's claim pursuant to MCR 2.116(C)(10), and it also granted ACI summary disposition of the intervening medical providers' derivative claims for medical services rendered. [*Marbly v Robertson*, unpublished per curiam opinion of the Court of Appeals, issued January, 16, 2018 (Docket No. 333286), p 2.

Marbly appealed, and this Court reversed the trial court's ruling and held that "the trial court erred by holding that the fraud-exclusion clause acted as an absolute bar to Marbly's claim for PIP benefits." *Id*. We noted that the general priority rule in MCL 500.3114(1) requiring a person to look to the person's own insurer did not apply to Marbly in this case because she was "not a named insured in a no-fault policy, has no spouse who is, and does not live with a relative who carries no-fault insurance." *Id*. at 7. Thus, we reasoned, "Either Marbly is 'entitled' to PIP benefits under the no-fault policy pursuant to subsection (2) or (3), or she 'shall claim' PIP benefits under subsection (4), and in either event, ACI is the insurer with priority to pay her claim." *Id*. We further explained that

because entitlement to benefits under subsection (4) [of MCL 500.3114] is governed solely by statute, any fraud-exclusion clause in the no-fault policy does not apply to Marbly if her entitlement to benefits arises under subsection (4). Thus, although it is highly unlikely that a fact-finder will conclude on remand that all of the expenses claimed by Marbly were reasonably necessary in light of the evidence contradicting her asserted limitations, the trial court nonetheless erred by concluding that the fraud-exclusion clause barred Marbly's claim entirely. [*Marbly*, unpub op at 8 (citation omitted).]

Relevant to this appeal, ACI subsequently moved the trial court to enter an order requiring Marbly to provide security for costs in the amount of $25,000 pursuant to MCR 2.109. Marbly argued that the motion was untimely, that there was not a substantial reason for requiring security, and that she was financially unable to furnish a security bond. The trial court granted ACI's motion but reduced the amount to $5,000. The trial court stated:

Okay. I find there's good cause to impose costs, I find that the Court previously made findings with respect to this matter that indicated that Ms. Marbly had engaged in fraudulent activities related to the claim. On that basis I do find that it's appropriate to assess costs.

I'm ordering the costs of $5000 be posted by Ms. Marbly.

Marbly was ordered to provide the security within 30 days. When she did not, ACI moved to dismiss the case. The trial court granted the motion to dismiss without explanation. The trial court's order dismissed the case with prejudice. Marbly now appeals.

-2-

## II. ANALYSIS

Marbly argues on appeal that the trial court erred by granting ACI's motion for security under MCR 2.109.

"We review a trial court's decision to require a security bond for an abuse of discretion." *In re Surety Bond for Costs*, 226 Mich App 321, 331; 573 NW2d 300 (1997). A trial court abuses its discretion if its decision falls outside the range of reasonable and principled outcomes. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006).

MCR 2.109 provides in relevant part:

> (A) Motion. On motion of a party against whom a claim has been asserted in a civil action, if it appears reasonable and proper, the court may order the opposing party to file with the court clerk a bond with surety as required by the court in an amount sufficient to cover all costs and other recoverable expenses that may be awarded by the trial court, or, if the claiming party appeals, by the trial and appellate courts. The court shall determine the amount in its discretion. . . .

> (B) Exceptions. Subrule (A) does not apply in the following circumstances:

> (1) The court may allow a party to proceed without furnishing security for costs if the party's pleading states a legitimate claim and the party shows by affidavit that he or she is financially unable to furnish a security bond.

In *In re Surety Bond for Costs*, 226 Mich App at 331-332, this Court stated:

> Security should not be required unless there is a substantial reason for doing so. [*Farleigh v Amalgamated Transit Union, Local 1251*, 199 Mich App 631, 634; 502 NW2d 371 (1993)]. A "substantial reason" for requiring security may exist where there is a "tenuous legal theory of liability," or where there is good reason to believe that a party's allegations are "groundless and unwarranted." *Hall v Harmony Hills Recreation, Inc*, 186 Mich App 265, 270; 463 NW2d 254 (1990). If a party does not file a security bond as ordered, a court properly may dismiss that party's claims. *Id*. at 273.

In *Hall*, 186 Mich App at 270, we explained "what can constitute a substantial reason for ordering security" as follows:

> The plaintiff's poverty alone is not substantial reason to grant a motion for security. Assertion of a tenuous legal theory of liability can provide substantial reason to grant such a motion. An order to post security for costs can also be appropriate where there is good reason to believe that a party's allegations, although they cannot be summarily dismissed under MCR 2.116, are nonetheless groundless and unwarranted. [Citations omitted.]

In this case, the trial court apparently believed that Marbly's claims were founded on a tenuous legal theory of liability or were groundless and unwarranted. In asserting this view, the trial court relied heavily on its prior summary disposition ruling.

However, as Marbly argues on appeal,[1] MCR 2.109(B)(1) provides that the "court may allow a party to proceed without furnishing security for costs if the party's pleading states a legitimate claim and the party shows by affidavit that he or she is financially unable to furnish a security bond." "The court's determinations on the legitimacy of the claim and financial ability are findings of fact and will not be reversed by this Court unless they are clearly erroneous." *Hall*, 186 Mich App at 271. The decision to waive security under Subrule (B)(1) is within the trial court's discretion. *Id*.

In the context of Subrule (B)(1), the plain language of the court rule indicates that the focus of determining the legitimacy of the claim is on the pleadings. MCR 2.109(B)(1) (requiring that "the party's pleading states a legitimate claim"); *Hall*, 186 Mich App at 272-273 ("We note that the trial court did not make any finding on the legitimacy of the claim set forth in plaintiffs' pleading before ordering plaintiffs to furnish a security bond. In fact, it appears that the trial court was not aware that it was limited to plaintiffs' pleading. As previously indicated, we find that plaintiffs' pleading states a legitimate claim.").[2] "If the trial court believes that a Rule 109 bond would be proper absent plaintiff's poverty, he must then assess the indigent plaintiff's financial ability to post bond." *Id*. at 271 (quotation marks and citation omitted).

In this case, Marbly claimed in the trial court that she was financially unable to provide the requested security, and she submitted an affidavit in support indicating that she had a monthly income of approximately $700 with no significant assets and "no credit to speak of." Yet, the trial court failed to address this argument or make any findings on this issue. Although the trial court ordered security in the amount of $5,000 rather than the $25,000 requested by ACI, the amount ordered still represented more than 6 months of Marbly's total income. We conclude that this amount, combined with the lack of factual findings to support the trial court's ruling, constituted an abuse of discretion. Cf. *Hall*, 186 Mich App at 272-273 (holding that the trial court abused its discretion by failing to make any finding from the pleadings regarding the legitimacy of the claims and ordering a security bond that exceeded the plaintiff's monthly income).

We conclude by quoting at length from the opinion in *Hall*, which sets forth and clearly explains the process to be employed by a trial court when considering such motions:

---

[1] Marbly also raised this argument in the trial court in opposing ACI's motion for security.

[2] We acknowledge that "[i]n determining the legitimacy of a claim, a trial court is not strictly limited to considering the plaintiff's legal theory, but may also consider the likelihood of success on that theory." *In re Surety Bond for Costs*, 226 Mich App at 333. Here, however, the trial court made no reference to the specific legal theories advanced in Marbly's complaint, which included claims for negligence and PIP benefits. As stated above, it appears that the trial court believed Marbly's likelihood of success was low.

In exercising its discretion, the court should view the required findings on legitimacy and financial ability in a relative sense. In [*Gaffier v St Johns Hosp*, 68 Mich App 474, 478; 243 NW2d 20 (1976)], this Court thoroughly examined and explained how discretion should be exercised under the former version of MCR 2.109(C)(1):

> If the trial court believes that a Rule 109 bond would be proper absent plaintiff's poverty, he must then assess the indigent plaintiff's financial ability to post bond. In this regard, the rule attempts to balance the right of a poor plaintiff to seek justice with the need of a defendant to have an opportunity for security. In our view, the rule establishes a strong preference for waiver of the bond where the indigent plaintiff's pleadings show a "meritorious claim"—i.e., a legitimate cause of action. In cases where the indigent plaintiff's pleadings show a tenuous legal theory, the plaintiff's interest in free access to the courts becomes less significant when weighed against the defendant's greater need for security. In short, the fulcrum of the rule's balance is the legitimacy of the indigent plaintiff's theory of liability.

> This is not to say that legitimacy of the claim will always be determinative. The rule clearly allows for sound trial court discretion. We can imagine few cases, however, where a discreet trial court will require an indigent plaintiff, pleading a valid theory of liability, to post security.

In support of its finding of an abuse of discretion, this Court in *Gaffier*, *supra*, 68 Mich App p. 479, 243 NW2d 20, wrote:

> The security provided to this one defendant was more than plaintiff's yearly . . . income. Defendant's motion gave no explanation of the necessity of that sum, nor indicated any particular hardship that would result were the bond to be denied. We cannot bar this plaintiff from the courts because of her poverty.

We adopt the quoted passages from *Gaffier*, *supra*, 68 Mich App pp. 478–479, 243 NW2d 20, as the correct statement of how discretion should be exercised under the present version of the rule. . . . In doing so, we note that the rule does not require indigency, but merely financial inability to furnish a security bond. [*Hall*, 186 Mich App at 271-272 (first ellipsis in original).

In the present case, the trial court may have believed that the balance should tip in favor of requiring Marbly to provide security. However, without any factual findings or reasoned explanation demonstrating that the trial court conducted any meaningful balancing of the parties' respective rights as required under *Hall*, along with the imposition (without supporting findings of fact) of a security bond that greatly exceeded Marbly's ability to pay, we conclude that the trial

court's decision was outside the range of reasonable and principled outcomes, thus constituting an abuse of discretion. *Maldonado*, 476 Mich at 388.

The trial court's order is reversed, and this matter is remanded to the trial court to reinstate Marbly's cause of action.

Reversed and remanded for reinstatement of plaintiff's action. We do not retain jurisdiction. Plaintiff, having prevailed, is entitled to costs. MCR 7.219.

/s/ James Robert Redford
/s/ Stephen L. Borrello
/s/ Jonathan Tukel