FARLEIGH v AMALGAMATED TRANSIT UNION, LOCAL 1251

Docket No. 142305. Submitted February 2, 1993, at Grand Rapids. Decided May 17, 1993, at 9:20 A.M. Leave to appeal sought.

Rachel A. Farleigh brought an action in the Calhoun Circuit Court against Amalgamated Transit Union, Local 1251, and others, alleging that the union had excluded her from membership in retaliation for her filing a sexual harassment action against a union leader. A mediation panel issued an evaluation of $10,000 in the plaintiff's favor, which the defendants accepted and the plaintiff rejected. A summary jury trial pursuant to Administrative Order No. 1988-2 resulted in an advisory verdict of no cause of action. The court, James C. Kingsley, J., granted the defendants' motion for security for costs, ordering the plaintiff to post a surety bond in an amount equal to the costs incurred by the defendants after the plaintiff's rejection of the mediation evaluation. The court subsequently dismissed the action after the plaintiff failed to post the bond. The plaintiff appealed.

The Court of Appeals *held:*

The decision to require a party to post a surety bond for the opposing party's costs under MCR 2.109 rests within the discretion of the trial court. Security should be required only where there is a substantial reason for it. The assertion of groundless allegations or a tenuous legal theory of liability may provide sufficient reason for ordering the posting of security.

In view of the lack of merit in the plaintiff's claim, as demonstrated by the advisory verdict of no cause of action, the trial court did not abuse its discretion in ordering the plaintiff to post a surety bond for the defendants' costs and in dismissing the action upon the plaintiff's failure to post a bond.

Affirmed.

MURPHY, J., concurring, stated that the trial court did not abuse its discretion in ordering security for costs or in dismissing the action, in light of the mediation evaluation, the out-

REFERENCES

Am Jur 2d, Costs §§ 37-40.
See ALR Index under Costs of Actions.

come of the summary jury trial, and the apparent lack of merit in the plaintiff's claim.

COSTS — SURETY BONDS — SUMMARY JURY TRIALS.

> An advisory verdict of no cause of action in a summary jury trial may serve as a substantial reason for a trial court, in its exercise of discretion, to order the plaintiff to post a surety bond for the defendant's costs (MCR 2.109; Administrative Order No. 1988-2).

*Theodore P. Hentchel,* for the plaintiff.

*Mark H. Cousens,* for the defendants.

Before: TAYLOR, P.J., and SAWYER and MURPHY, JJ.

TAYLOR, P.J. Plaintiff appeals as of right a Calhoun Circuit Court order dismissing her complaint for her failure to comply with an order directing her to post a $15,000 surety bond as security for costs. We affirm.

Plaintiff filed suit alleging that defendant union excluded her from membership in retaliation for her filing a sexual harassment suit against a union leader. The case was mediated and evaluated at $10,000 in plaintiff's favor, which plaintiff rejected and defendants accepted. Subsequently, the parties agreed to a summary jury trial pursuant to Administrative Order No. 1988-2, 430 Mich xcv.[1] When the jury returned an advisory verdict of no cause of action, defendants moved pursuant to MCR 2.109 for $45,000 security for costs and mediation sanctions for which plaintiff would become liable if a full-scale jury trial was conducted and the jury failed to return a verdict in the amount of

[1] The summary jury trial provisions of Administrative Order No. 1988-2 have been ordered continued by Administrative Order Nos. 1989-5, 433 Mich cvii, 1990-10, 437 Mich cxliii, 1991-6, 437 Mich clx, 1991-12, 439 Mich cxlv, and 1992-7, 441 Mich li.

at least $11,000 in plaintiff's favor.[2] The trial court ordered plaintiff to post a surety bond in the amount of $15,000,[3] which reflected defendants' attorney fees incurred after plaintiff's rejection of mediation. However, plaintiff did not post the security, and her case was dismissed.

On appeal, plaintiff argues that the trial court abused its discretion in ordering her to post the $15,000 bond and in dismissing her case when she could not post it. We disagree with both parts of her claim for the following reasons.

MCR 2.109(A), concerning security for costs, provides in pertinent part:

> On motion of a party against whom a claim has been asserted in a civil action, if it appears reasonable and proper, the court may order the opposing party to file with the court clerk a bond with surety as required by the court in an amount sufficient to cover all costs and other recoverable expenses that may be awarded by the trial court. . . . The court shall determine the amount in its discretion.

However, under MCR 2.109(C)(1), subrule A does not apply and the court may allow a party to proceed without furnishing security for costs

> if the party's pleading states a legitimate claim and the party shows by affidavit that he or she is financially unable to furnish a security bond.

It is within a trial court's discretion to order security, and we will not reverse unless the imposition of security is an abuse of that discretion.

---

[2] I.e., ten percent more than the mediation evaluation amount.

[3] According to plaintiff's counsel at the motion hearing of May 1991, plaintiff was required to but could not come up with a ten percent premium of $1,500 and property sufficient to secure the balance.

*Dunn v Emergency Physicians Medical Group, PC,*
189 Mich App 519, 522; 473 NW2d 762 (1991); *Hall
v Harmony Hills Recreation, Inc,* 186 Mich App
265, 270; 463 NW2d 254 (1990). This Court has
held that security should not be required unless
there is a substantial reason for doing so. While a
plaintiff's poverty alone is not a substantial reason
to order security, the assertion of a tenuous legal
theory of liability may constitute a substantial
reason. *Hall, supra,* p 270, and cases cited therein.
Further,

> [a]n order to post security for costs can also be
> appropriate where there is good reason to believe
> that a party's allegations, although they cannot be
> summarily dismissed under MCR 2.116, are none-
> theless groundless and unwarranted. [*Wells v
> Fruehauf Corp,* 170 Mich App 326, 335; 428 NW2d
> 1 (1988).]

There was substantial reason for requiring secu-
rity for costs in this case. The expanded summary
jury trial proceedings gave six impartial jurors the
opportunity to hear plaintiff's case, and those ju-
rors lost no time in returning a no-cause verdict.
Therefore, although it does not appear that plain-
tiff's complaint is based on a tenuous legal theory
of liability, a jury passed on the merits of plain-
tiff's cause of action and specifically found that
plaintiff's suit was factually meritless.

In *Hall,* this Court adopted certain passages
from *Gaffier v St Johns Hosp,* 68 Mich App 474;
243 NW2d 20 (1976), as "the correct statement of
how discretion should be exercised under the pres-
ent version of the rule." *Hall, supra,* p 272. Those
excerpted passages are:

> If the trial court believes that a Rule 109 bond
> would be proper absent plaintiff's poverty, he must

then assess the indigent plaintiff's financial ability to post bond. In this regard, the rule attempts to balance the right of a poor plaintiff to seek justice with the need of a defendant to have an opportunity for security. In our view, the rule establishes a strong preference for waiver of the bond where the indigent plaintiff's pleadings show a "meritorious claim"—i.e., a legitimate cause of action. In cases where the indigent plaintiff's pleadings show a tenuous legal theory, the plaintiff's interest in free access to the courts becomes less significant when weighed against the defendant's greater need for security. *In short, the fulcrum of the rule's balance is the legitimacy of the indigent plaintiff's theory of liability.*

This is not to say that legitimacy of the claim will always be determinative. The rule clearly allows for sound trial court discretion. We can imagine few cases, however, where a discrete trial court will require an indigent plaintiff, pleading a valid theory of liability, to post security.

\*   \*   \*

. . . The security provided to this one defendant was more than plaintiff's yearly income. Defendant's motion gave no explanation of the necessity of that sum, nor indicated any particular hardship that would result were the bond to be denied. We cannot bar this plaintiff from the courts because of her poverty. [*Gaffier, supra,* pp 478, 479, adopted in *Hall, supra* p 272. Emphasis supplied.]

From our review of the record, it appears that plaintiff's financial status had no bearing on the trial court's decision to require security in the first instance, although it did play a part in the court's evaluation of how much security to require. Rather, the trial court's decision to require security rested primarily upon the lack of merit in plaintiff's claim. In discussing its decision, the court stressed the leeway given both sides during the summary jury trial, the jury's verdict and

subsequent comments, as well as the initial mediation evaluation. This case is unusual because, in the summary jury trial proceedings, the legitimacy of plaintiff's claim was tested far beyond that of most claims; the trial court, having presided over those proceedings, was in an advantageous position to assess the legitimacy of the claim.[4]

With regard to the amount of security required, the trial court was well aware that plaintiff had little income and few assets, and accordingly declined to require a bond in the amount of $45,000 as defendants requested. Instead, the court ordered a security bond for one-third that amount, which reflected costs incurred by defendants during a two-month period following plaintiff's rejection of the mediation evaluation. In arriving at the amount of security, the court weighed plaintiff's lack of financial ability to pay against the high cost borne by defendants to defend a lawsuit that the mediation panel did not value highly and the summary jury panel did not value at all.

The decision whether to waive the security under subrule C(1) is a matter addressed to the sound discretion of the trial court. *Hall, supra,* p 271. In this case, the trial court's decision not to waive the security was not an abuse of discretion, as that phrase is defined by our Supreme Court in *Spaulding v Spaulding,* 355 Mich 382, 384-385; 94 NW2d 810 (1959), in view of the demonstrated weakness of the case. Accordingly, plaintiff's failure to post the bond as ordered was properly sanctioned with dismissal. *Hall, supra,* p 273. One advantage of summary jury trials (and well-documented motions

---

[4] We specifically note that the matter before us is distinguishable from *Hall* because the merits of the Halls' case had not been tested by summary disposition or otherwise (the first trial resulted in a mistrial). Therefore, the trial court in *Hall* did not (and probably could not) make any finding with regard to the legitimacy of the plaintiffs' claim, and the question of the legitimacy of the claim had to be derived solely from the plaintiffs' pleadings. *Id.,* pp 272-273.

for security styled after motions for summary disposition based on MCR 2.116[C][10]), is that trial courts are thereby educated about the lack of merit of claims that appear to be legally sound on their face. Those responding to claims in such cases may then justifiably seek the protection of a motion for security under MCR 2.109 in demonstrably weak cases. Conversely, claimants gain negotiating leverage when summary jury trials demonstrate the strength of their legitimate claims. It is evident to us that the use, as in the case before us, of summary jury trials to weed out nonmeritorious suits adds an arrow to a trial court's quiver in the battle against burgeoning caseloads without sacrificing the ability of bona fide claimants to open the courthouse door.

Plaintiff's argument that the court abused its discretion in suppressing evidence of a box delivered to the plaintiff's home is also without merit. There was no evidence linking the box to any defendant, and so the box cannot be said to have any established relevance to the issues in the case. The trial court did not abuse its discretion in declining to admit it into evidence. *Rodriguez v Solar of Michigan, Inc,* 191 Mich App 483, 487; 478 NW2d 914 (1991).

Affirmed.

SAWYERS, J., concurred.

MURPHY, J. *(concurring).* I concur in affirming the decision of the trial court under the facts of this case. I find no abuse of discretion by the trial court in requiring plaintiff to post security for costs in the amount ordered or in dismissing plaintiff's complaint for her failure to comply, in view of the mediation determination, the outcome of the summary trial proceeding, and the apparent lack of merit of her claim.