*In re* SURETY BOND FOR COSTS

Docket No. 182793. Submitted September 10, 1997, at Detroit. Decided November 4, 1997, at 9:15 A.M.

The Attorney General brought an action in the Oakland Circuit Court against Oakland Disposal, Inc., and others, seeking damages and injunctive relief relating to the cleanup of hazardous waste at a landfill owned and operated by Oakland Disposal. The defendants brought a third-party action against Brooks Beverages and over four hundred other entities that had sent waste to the landfill, seeking contribution. The court, Jessica R. Cooper, J., required the third-party plaintiffs to post a $500,000 surety bond as security for the third-party defendants' costs. The third-party plaintiffs instead filed an affidavit stating their financial inability to furnish a surety bond. The court dismissed without prejudice the third-party action on the basis of the third-party plaintiffs' failure to furnish a surety bond. The third-party plaintiffs appealed the dismissal of the third-party action.

The Court of Appeals *held*:

1. The trial court did not abuse its discretion in requiring a surety bond inasmuch as there was a substantial reason for requiring security, i.e., there was no specific evidence linking any of the third-party defendants in particular to any specific hazardous waste. The amount of the bond did not represent an abuse of discretion given that $500,000 would have provided slightly more than $1,000 of security for each third-party defendant.

2. The trial court did not abuse its discretion in refusing to waive the security requirement after the third-party plaintiffs claimed a financial inability to furnish the required surety bond. The trial court did not clearly err in finding that the third-party plaintiffs had not stated a legitimate claim with their third-party action and that the assertion of insolvency in their affidavit had been an inadequate showing of financial inability to furnish the required security.

3. The dismissal without prejudice of the third-party action does not preclude the third-party plaintiffs from again seeking contribution from the third-party defendants should the third-party plaintiffs discover facts or evidence supportive of more specific allegations against the third-party defendants.

Affirmed.

1. Costs — Security for Costs — Appeal.

A trial court's decision to require a surety bond as security for a party's costs is reviewed on appeal for abuse of discretion (MCR 2.109).

2. Costs — Security for Costs.

A trial court should not require a surety bond as security for costs unless there is a substantial reason for doing so; a substantial reason for requiring security for costs may exist where there is a tenuous legal theory of liability or where there is good reason to believe that a party's allegations are groundless and unwarranted (MCR 2.109).

3. Costs — Security for Costs — Waiver.

A trial court may waive a requirement of a surety bond as security for costs if a party's pleading states a legitimate claim and the party shows by affidavit that the party is financially unable to furnish a bond; in determining the legitimacy of a claim, the trial court may consider the party's legal theory as well as the likelihood of success on that theory; the trial court's findings regarding the legitimacy of the claim and the party's financial ability to furnish a bond are reviewed on appeal for clear error (MCR 2.109[C][1]).

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by *David M. Black, Saulius K. Mikalonis*, and *Patrick Burkett*), for Oakland Disposal, Inc., and others.

*Honigman Miller Schwartz and Cohn* (by *Christopher J. Dunsky, Mark A. Goldsmith*, and *Jeffrey L. Woolstrum*), for A-1 Enterprises, Inc., and others.

*Dykema Gossett PLLC* (by *Kathryn J. Humphrey* and *Nicholas G. Zotos*), for Amoco Oil Company and others.

*Pierce, Donovan, Duke, Mordell & Messano, P.L.C.* (by *Mark C. Pierce*), for Ford Wyoming Drive In, Inc.

*Sidley & Austin* (by *William G. Dickett* and *David D. Meyer*), for American Airlines, Inc., and others.

*C. Thomas Toppin and Associates, P.C.* (by *Gregory E. Snow*), for Staff Industries, Inc.

*Joseph R. Daiek*, for Bridgeport Machines, Inc.

*Feldman & Reizen, P.C.* (by *Mark E. Reizen*), for Garrison Associates.

*Miller, Canfield, Paddock and Stone* (by *Allyn D. Kantor*), for Washtenaw Community College and others.

*Lisa A. Sarkisian*, for Marketing Displays, Inc.

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton* (by *Michael L. Updike*), for McElectric, Inc., and Oakland Printing.

*Varnum, Riddering, Schmidt & Howlett* (by *Michael X. Hidalgo*), for J. C. Penney and others.

*Kitch, Saurbier, Drutchas, Wagner & Kenney, P.C.* (by *Robert J. Bradford* and *Richard S. Baron*), for Providence Hospital and Medical Center and others.

*Connelly, Crowley, Groth & Seglund* (by *Bruce R. Seglund*), for Village of Franklin and Michigan Property Maintenance, Inc.

*Alspector, Sosin, Mittenhal & Barson, P.C.* (by *Ralph Sosin*), for Detroit Nipple Company.

*Jenkins & Keating* (by *Thomas H. Keating*), for Lucas Industries, Inc.

*Hooper, Hathaway, Price, Beuche & Wallace* (by *William J. Stapleton*), for Publishers Storage & Shipping and Sensors, Inc.

*Joseph L. Grand*, for Madison Products, Inc.

*Foster, Swift, Collins & Smith, P.C.* (by *Charles E. Barbieri* and *Nina McMenamin*), for Wolverine Coil Coating.

*Howard & Howard* (by *Michael V. Sucaet*), for McGean Rochco, Inc., and others.

*Butzel Long, P.C.* (by *Darlene M. Domanik* and *Elizabeth A. DuMouchelle*), for CSM Manufacturing Corporation and others.

*Raymond & Prokop, P.C.* (by *Thomas J. Kenny*), for N. A. Mans and others.

*Bowman and Brook* (by *Timothy W. Ferrel*), for Bloomfield Dodge, Inc., and others.

*Dawda Mann Mulcahey & Sadler* (by *Amy Bateson*), for Trammel Crow and others.

*Gasper J. Gammicchia,* for Lesnau Printing Company.

*John M. Lucas,* for Wolverine American, Inc.

*Blum, Konheim, Elkin & Blum* (by *Loren D. Blum*), for K & K Tile Depot, Inc.

*Clark, Klein & Beaumont* (by *Donald F. Berschback*), for Universal Supply and Tool.

*Dickinson, Wright, Moon, Van Dusen & Freeman* (by *Keith J. Lerminiaux*), for Graco, Inc., and others.

*Thrun, Maatsch and Nordberg, P.C.* (by *Gordon W. VanWieren, Jr.*), for Lincoln Consolidated Schools.

*Wood and Wood, P.C.* (by *Brian H. Herschfus*), for Northwest Blue Print and Supply Company and Daykin Electric Corporation.

*Dean & Fulkerson, P.C.* (by *Nancy L. Kahn*), for Celex Corporation and others.

*Richard M. Dionne*, for Earl Smith Distributing Company.

*Linda M. Baxter and Associates* (by *Michael L. Wolf*), for Admiral Pattern Works, Inc.

*Jaffe, Raitt, Heuer & Weiss, P.C.* (by *Susan M. Bakst*), for Diamond Chemical Company and Twelve Pierce Properties.

*Frederick O. Knauer*, for Turbine Tool & Gage, Inc.

*Sotiroff Abramczyk & Rauss, P.C.* (by *Lawrence R. Abramczyk*), for H. J. P., Inc.

*DeNardis, McCandless & Muller, P.C.* (by *Mark F. Miller*), for Marathon Oil Company and Emro Marketing Company.

*Husaynu & Plezia, P.C.* (by *Ryan A. Husaynu*), for Delta Engineering.

*Collins, Blaha & Slatkin* (by *Lorie E. Steinhauer*), for Wayne-Westland Community Schools and Plymouth-Canton Community Schools.

*Colombo & Colombo, P.C.* (by *Patrick J. Ennis*), for Hines Park Lincoln Mercury and others.

*Eames Wilcox* (by *John W. Bryant* and *Ronald J. Mastej*), for Ryan Transportation Group, Inc., and Van Industries.

*Fieler, Joelson, LaKind & Rosenberg* (by *Paul F. Joelson*), for Gilmar Manufacturing Company.

*Poling, McGaw & Poling, P.C.* (by *Greg Hamilton*), for DeMaria Building Company.

*Lambro Niforos,* for Wayne County.

*Richard O. Lemke,* for Milford Fabricating Company.

*Plunkett & Cooney, P.C.* (by *Christine D. Oldani*), for Oakland County Drain Commission and others.

*Robert S. Hollander,* for Qualified Construction Corporation.

*Robert M. Bondy,* for AJF, Inc.

*Warner Norcross & Judd, LLP* (by *Mark E. Brouwer*), for Georgia-Pacific Corporation and Howmet Corporation.

*Kerr, Russell & Weber* (by *Catherine Bonczak Edwards*), for Borman's, Inc., and others.

*Seyburn, Kahn, Ginn, Bess, Howard & Deitch, P.C.* (by *Beth S. Gotthelf*), for Absopure Water Company and others.

*Pollard & Albertson* (by *Laura M. Hallahan*), for Rochester Community School District and others.

*Lewis, White & Clay, P.C.* (by *David N. Zacks*), for Detroit Public Schools.

*Roderick W. Martin,* for Bradmont Properties.

*Shapack, McCullough & Kanter, P.C.* (by *James R. Keller* and *Jeffrey D. Moss*), for Redford Geriatric Village, Inc., and Robot Printing, Inc.

*Norman L. Zemke*, for Kaftan Enterprises, Inc., and Wingate Management Corp.

*Mager, Mercer, Scott & Alber, P.C.* (by *Phillip G. Alber*), for Webcraft Games, Inc.

*Pepper, Hamilton & Scheetz* (by *Thomas P. Wilczak*), for Delta Airlines, Inc., and others.

*Cox, Hodgman & Giarmarco* (by *Stephen Jay Hitchcock*), for Valassis Communications and others.

*Kull & Kull* (by *David L. Kull*), for Payne-Hickey, Inc.

*David A. Kaplan*, for S & H Fabricating and Engineering, Inc.

*Michael S. Freud*, for S. C. D. Chemicals Distributors, Inc.

*Mars C. Riopelle*, for Hamlin Tool & Machine Company, Inc.

*Fildew, Hinks, Miller, Todd & Wangen* (by *Charles S. Kennedy, III*), for Detroit Marine Terminals, Inc.

*Adkinson Need, P.L.L.C.* (by *Phillip G. Adkinson*), for White Lake Charter Township and Commerce Charter Township.

*Talpos & Arnold, P.C.* (by *John C. Talpos*), for Lockwood Manufacturing Company.

*Larson, Harms, Bibeau & Reynolds, P.C.* (by *Paul H. Bibeau*), for City of Sylvan Lake and Orchard Lighting Center.

*Abbott, Nicholson, Quilter, Esshaki & Youngblood, P.C.* (by *Anne Warren Bagno* and *William D. Gilbride, Jr.*), for Inalfa-Hollandia, Inc., and others.

*Knaggs, Harter, King & O'Malley, P.C.* (by *David R. Brake* and *Clifford A. Knaggs*), for Groundwater Technology, Inc.

*Ward and Hopper, P.C.* (by *Judith A. Ward*), for University Townhouses Cooperative.

*George W. Kelsey, P.C.* (by *Steven H. Huff*), for Jack Webb Chevrolet, Inc.

*Brook McCray Smith,* for Shaw Construction and Management Company.

*Grylls, Facca, Richter & Pregler* (by *Patrick A. Facca*), for SCI/Steelcon, Inc.

*Vestivich, Mallender, DuBois & Dritsas, P.C.* (by *J. Donald McLeod*), for M & H Industries, Inc., and others.

*Mueller, Flaggman, Kilgore & Deson, P.C.* (by *Michael R. Mueller*), for Regency Plaza.

*Abraham Satovsky,* for Warrenwood Apartments.

*Kemp, Klein, Umphrey & Endelman, P.C.* (by *James P. Davey*), for Brian Unlimited Distribution Company and Bordines Better Blooms, Inc.

*McElroy & Pheney* (by *Dennis J. Pheney*), for Master Automatic Machine Company, Inc.

*Keller, Thoma, Schwarze, Schwarze, Dubay & Katz, P.C.* (by *Kenneth C. Howell*), for Dearborn Public Schools and others.

*Greenspon, Scheff & Washington, P.C.* (by *Donald B. Greenspon*), for Michlin Diazo Products Corporation.

*Young & Associates, P.C.* (by *Rodger D. Young*), for PSI Repair Services, Inc., and Town & Country Dodge, Inc.

*Cummings McClorey Davis & Acho, P.C.* (by *George F. Curran, III*), for Advo, Inc., and Quality Awning and Construction Company.

*Mara M. Letica,* for Letica Corporation.

*Sowerby & Marr PA* (by *Charles H. Marr*), for Steelcraft Tool Company.

*Carson Fischer, P.L.C.* (by *Peter L. Wanger* and *Kathleen A. Stibich*), for NovaWest Tech Center.

*Beier and Howlett* (by *Frank S. Galgan*), for Industrial Experimental & Manufacturing Company.

*Lawrence J. Nahas,* for Taylor Chrysler-Plymouth, Inc.

*Kohl, Secrest, Wardle, Lynch, Clark and Hampton* (by *Carol Winter Grombala*), for Waterford Charter Township.

*Maddin, Hauser, Wartell, Roth, Heller & Pesses, P.C.* (by *Michael S. Leib* and *Richard J. Maddin*), for Nu-Vest Associates, Inc., and Farbman Management Group of Michigan, Inc.

*Hyman and Lippitt, P.C.* (by *Douglas A. Hyman*), for Leidal & Hart Mason Contractors and others.

*John T. Rogers,* for Waterford School District.

*Sesi & Sesi, P.C.* (by *Ramy J. Sesi*), for Trepco Imports.

*Liberson, Bock & Bright, P.C.* (by *Stephen J. Bock*), for McShane & Associates, Inc.

Before: BANDSTRA, P.J., and MURPHY and YOUNG, JJ.

PER CURIAM. Defendants and third-party plaintiffs Oakland Disposal, Inc.; Bestway Recycling, Inc.; Aaro Disposal, Inc.; and Oakland Disposal No. 1 (hereinafter collectively referred to as third-party plaintiffs) appeal as of right from an order dismissing their complaint for failure to file a security bond. We affirm.

This case arises from litigation surrounding the Waterford Hills Sanitary Landfill (WHSL). The landfill allegedly leaked hazardous substances, and the Attorney General brought a suit seeking damages and injunctive relief relating to cleanup at the site. Third-party plaintiff Oakland Disposal owned and operated the WHSL at the time the hazardous waste problems were discovered. The other third-party plaintiffs are apparently related to Oakland Disposal. Third-party plaintiffs brought a suit against over four hundred third-party defendants seeking contribution. Third-party plaintiffs claimed that the third-party defendants all generated hazardous waste that ended up at the WHSL. Third-party defendants protested that the third-party complaint was factually deficient and requested a more definite statement. When such a statement was not forthcoming, the trial court gave third-party plaintiffs thirty days to file an amended complaint with specific factual allegations concerning each third-party defendant. The trial court also ordered third-party plaintiffs to file a $500,000 security bond pursuant to MCR 2.109. Third-party plain-

tiffs filed an amended complaint, but failed to file the required bond. Instead, third-party plaintiffs filed an affidavit stating that Oakland Disposal was financially unable to post such a bond. The trial court then dismissed the third-party complaint because the bond had not been filed.

The only issue on appeal is whether the trial court's order requiring a bond was proper. We review a trial court's decision to require a security bond for an abuse of discretion. *Farleigh v Amalgamated Transit Union, Local 1251*, 199 Mich App 631, 633; 502 NW2d 371 (1993).

Pursuant to MCR 2.109,  a court may require a plaintiff to post security for costs:

> (A) Motion. On motion of a party against whom a claim has been asserted in a civil action, if it appears reasonable and proper, the court may order the opposing party to file with the court clerk a bond with surety as required by the court in an amount sufficient to cover all costs and other recoverable expenses that may be awarded by the trial court, or, if the claiming party appeals, by the trial and appellate courts. The court shall determine the amount in its discretion. . . .

> *        *        *

> (C) Exceptions. Subrule (A) does not apply in the following circumstances:
>
> (1) The court may allow a party to proceed without furnishing security for costs if the party's pleading states a legitimate claim and the party shows by affidavit that he or she is financially unable to furnish a security bond.

Security should not be required unless there is a substantial reason for doing so. *Farleigh, supra* at 634. A "substantial reason" for requiring security may exist where there is a "tenuous legal theory of liability," or

where there is good reason to believe that a party's allegations are "groundless and unwarranted." *Hall v Harmony Hills Recreation, Inc*, 186 Mich App 265, 270; 463 NW2d 254 (1990). If a party does not file a security bond as ordered, a court properly may dismiss that party's claims. Id. at 273.

Here, the trial court concluded that there was a substantial reason for requiring security. Third-party plaintiffs named as third-party defendants nearly everyone who ever sent materials to the WHSL, but possessed no specific evidence linking any of them in particular to any specific hazardous waste. On the basis of the large number of third-party defendants and the lack of specific allegations or favorable evidence on third-party plaintiffs' part, we cannot conclude that there was an abuse of discretion in the trial court's requiring a security bond. We also cannot conclude that the amount of the bond was an abuse of discretion. The $500,000 bond requirement would only have provided slightly more than $1,000 of security for each third-party defendant.

Third-party plaintiffs argue that, even if the bond requirement was proper, it should have been waived because of their financial inability to satisfy it. As noted above, a trial court may waive the bond requirement if (1) the party's pleading states a legitimate claim, and (2) the party shows by affidavit financial inability to furnish a security bond. MCR 2.109(C)(1).

We discussed the security bond requirement of, and the trial court's exercise of discretion under, MCR 2.109 in *Hall, supra.*

"If the trial court believes that a Rule 109 bond would be proper absent plaintiff's poverty, he must then assess the

indigent plaintiff's financial ability to post bond. In this regard, the rule attempts to balance the right of a poor plaintiff to seek justice with the need of a defendant to have an opportunity for security. In our view, the rule establishes a strong preference for waiver of the bond where the indigent plaintiff's pleadings show a 'meritorious claim'— i.e., a legitimate cause of action. In cases where the indigent plaintiff's pleadings show a tenuous legal theory, the plaintiff's interest in free access to the courts becomes less significant when weighed against the defendant's greater need for security. In short, the fulcrum of the rule's balance is the legitimacy of the indigent plaintiff's theory of liability.

"This is not to say that legitimacy of the claim will always be determinative. The rule clearly allows for sound trial court discretion. We can imagine few cases, however, where a discreet trial court will require an indigent plaintiff, pleading a valid theory of liability, to post security." [*Hall, supra* at 271-272, quoting *Gaffier v St Johns Hosp,* 68 Mich App 474, 478; 243 NW2d 20 (1976).]

In determining the legitimacy of a claim, a trial court is not strictly limited to considering the plaintiff's legal theory, but may also consider the likelihood of success on that theory. *Farleigh, supra* at 634-636. A trial court's determinations regarding the legitimacy of the claims and a party's financial ability to post a bond are findings of fact that are reviewed only for clear error. *Hall, supra* at 271.

Here, the trial court expressly found that third-party plaintiffs failed to demonstrate the legitimacy of their claims. On the basis of the record before us, we cannot conclude that this finding was clearly erroneous. Third-party plaintiffs did not offer any specific evidence to support their allegation that any particular third-party defendants contributed hazardous waste to the WHSL. Instead, they argued that they did not need such evidence. They argued that an expert

could testify regarding the type of waste usually generated by certain types of businesses and the hazardous substances usually contained therein. They claim that this testimony could serve as proof that a party actually contributed hazardous waste to the landfill. We find this logic unpersuasive. Accepting such a rule would effectively allow third-party plaintiffs, through the use of expert testimony and speculation, to shift the burden of proof, forcing third-party defendants to prove that they did not contribute any hazardous waste to the landfill.

The trial court also addressed third-party plaintiffs' ability to post a bond. The court apparently concluded that the affidavit asserting Oakland Disposal's insolvency was insufficient to establish their inability to post a $500,000 bond: "[I]t is questionable whether the corporation itself is without the means to post a bond or seeks to gather funds for the state in order to prevent potential piercing of the corporate veil." Again, we cannot conclude that this finding was clearly erroneous. The trial court had expressed concern throughout the litigation that third-party plaintiffs were sham corporations. Indeed, there was evidence that third-party plaintiffs' assets had been mishandled. We believe that the trial court properly considered this evidence when determining whether they were able to post a bond. Under these circumstances, the trial court's determination that third-party plaintiffs failed to establish their inability to post a bond was not clearly erroneous.

Deferring to the trial court's findings on these factual issues, we conclude that the trial court properly considered the legitimacy of third-party plaintiffs' claims and balanced their apparent inability to post a

bond against third-party defendants' need for security. Third-party plaintiffs presented nonspecific, tenuous claims against an extremely large number of third-party defendants who demonstrated a great need for security in light of the possibility of protracted litigation that might well result in dismissal after lengthy and expensive discovery. Thus, we conclude that the trial court's decision to require a $500,000 bond was not an abuse of discretion.

Another important factor contributing to our holding is that the third-party complaint was dismissed without prejudice. Because of this, if third-party plaintiffs were to discover, during the course of their proceedings with the Attorney General or otherwise, facts or evidence that could lead to more specific allegations against one or more third-party defendants, third-party plaintiffs would be able to seek contribution at a later date; MCL 324.20129(3); MSA 13A.20129(3) provides that contribution may be sought "during or following a civil action" brought by the Attorney General under the act.

Taking all the circumstances of the matter into consideration, we simply cannot say that the trial court abused its discretion in requiring the security bond and dismissing the complaint for failure to post it.

Affirmed.