# STATE OF MICHIGAN

# COURT OF APPEALS

ANTONIO HILL,

Plaintiff-Appellant,

v

ESSENTIAL SUPPORT SERVICES FOR
INDEPENDENT EXISTENCE LLC and
YOLANDA WALKER,

Defendants-Appellees.

UNPUBLISHED
May 12, 2015

No. 320884
Oakland Circuit Court
LC No. 2013-132180-CZ

Before: RIORDAN, P.J., and JANSEN and HOOD, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order of dismissal. The trial court dismissed plaintiff's complaint because plaintiff, who contended he was indigent, failed to comply with a previous court order requiring plaintiff to procure a security bond to cover the costs of defendants' defense against plaintiff's claim that he was an employee of defendants, rather than an independent contractor. We affirm.

A trial court's decision to order a bond for security costs is reviewed for an abuse of discretion. *Farleigh v Amalgamated Transit Union, Local 1251*, 199 Mich App 631, 633; 502 NW2d 371 (1993). "[A]n abuse of discretion occurs only when the trial court's decision falls outside the range of reasonable and principled outcomes." *Saffian v Simmons*, 477 Mich 8, 12; 727 NW2d 132 (2007). Furthermore, [t]his Court reviews interpretation of the court rules de novo." *Hyslop v Wojjusik*, 252 Mich App 500, 519; 652 NW2d 517 (2002). "The rules governing statutory interpretation apply equally to interpretation of court rules." *Id.*

The trial court did not abuse its discretion in dismissing plaintiff's case for plaintiff's failure to comply with the trial court's previous decision requiring plaintiff to purchase a security bond. MCR 2.109(A) provides that:

> On motion of a party against whom a claim has been asserted in a civil action, if it appears reasonable and proper, the court may order the opposing party to file with the court clerk a bond with surety as required by the court in an amount sufficient to cover all costs and other recoverable expenses that may be awarded by the trial court, or, if the claiming party appeals, by the trial and appellate courts. The court shall determine the amount in its discretion.

-1-

"A 'substantial reason' for requiring security may exist where there is a 'tenuous legal theory of liability,' or where there is good reason to believe that a party's allegations are 'groundless and unwarranted.'" *In re Surety Bond for Costs,* 226 Mich App 321, 331-332; 573 NW2d 300 (1997). "If a party does not file a security bond as ordered, a court properly may dismiss that party's claims." *Id.* at 332. However, MCR 2.109(B)(1) provides an exception to this rule:

> The court may allow a party to proceed without furnishing security for costs if the party's pleading states a legitimate claim and the party shows by affidavit that he or she is financially unable to furnish a security bond.

As evidenced both in the original order requiring plaintiff to post a security bond and in the motion hearing, the trial court referenced documents outside of the pleadings, in particular a worker's compensation claim filed by plaintiff that contradicted one of the claims raised in plaintiff's complaint. Thus, the question is whether a trial court abuses its discretion if it relies upon information outside the pleadings when finding a "substantial reason," which includes a "tenuous legal theory of liability." *In re Surety Bond*, 226 Mich App at 331-332. It is important to note that the first provision of MCR 2.109(A) does not mention that a trial court is limited to the pleadings.

> In *Farleigh*, this Court examined MCR 2.109 and found:
>
> In our view, the rule establishes a strong preference for waiver of the bond where the indigent plaintiff's pleadings show a "meritorious claim"—i.e., a legitimate cause of action. In cases where the indigent plaintiff's pleadings show a tenuous legal theory, the plaintiff's interest in free access to the courts becomes less significant when weighed against the defendant's greater need for security. *In short, the fulcrum of the rule's balance is the legitimacy of the indigent plaintiff's theory of liability.* [*Farleigh*, 199 Mich App at 635 (emphasis in original).]

However, the Court in *Farleigh* seemed to be interpreting MCR 2.109(B), the exception to the rule rather than the actual requirements of MCR 2.109(A). In reviewing the interpretation of court rules, this Court has held:

> If the plain and ordinary meaning of the language employed is clear, then judicial construction is neither necessary nor permitted, and unless explicitly defined, every word or phrase should be accorded its plain and ordinary meaning, considering the context in which the words are used. [*Hyslop*, 252 Mich App at 519.]

Nothing in MCR 2.109(A) mentions that the decision must be made based on the pleadings. Thus, this Court concludes that the trial court did not abuse its discretion in ordering plaintiff to post a security bond even if the court did look beyond the pleadings.

Lastly, plaintiff contends that if a plaintiff can prove that he has a meritorious claim and that he is indigent, pursuant to MCR 2.109(B), the trial court abuses its discretion if it requires plaintiff to obtain a security bond. We disagree. MCR 2.109(B)(1) provides that the court "may" allow a party to proceed without furnishing security for costs "if the party's pleadings state a legitimate claim and the party shows by affidavit that he or she is financially unable to

furnish a security bond." However, the term "may" denotes a permissive action. Thus, the exception codified at MCR 2.109(B) is permissive, not required, and the trial court did not abuse its discretion in requiring security for defendants' costs from plaintiff.

Affirmed.

/s/ Michael J. Riordan
/s/ Kathleen Jansen
/s/ Karen M. Fort Hood