# STATE OF MICHIGAN

# COURT OF APPEALS

ARMIN PHILLIPS,

Plaintiff-Appellant,

v

ROGER POMMIER and STATE FARM
MUTUAL AUTOMOBILE INSURANCE
COMPANY,

Defendants-Appellees.

UNPUBLISHED
January 14, 2016

No. 324723
Livingston Circuit Court
LC No. 13-027332-NI

Before: RONAYNE KRAUSE, P.J., and GADOLA and O'BRIEN, JJ.

PER CURIAM.

In this no-fault action, plaintiff appeals as of right the trial court order dismissing the litigation with prejudice for failing to post a bond for security for costs. We affirm.

On August 31, 2012, plaintiff was allegedly injured in an automobile accident when he was struck by a vehicle driven by defendant, Roger Pommier (Pommier). On February 15, 2013, plaintiff filed suit against defendant Pommier, raising a claim of negligence, and against defendant State Farm Mutual Automobile Insurance Company (State Farm), seeking first-party no-fault insurance benefits. In the course of discovery, it was learned that plaintiff suffered multiple injuries from accidents involving work, motor vehicles, and slip and falls since 1992. Over a 20-year period, plaintiff sought treatment at various facilities, but his frequency of visits caused medical personnel to question whether plaintiff had become addicted to pain medication. Plaintiff reportedly became angry when medical personnel failed to prescribe narcotics or suggested he seek treatment for addiction. Furthermore, blood analysis revealed that plaintiff was also self-medicating with illegal substances. After the August 31, 2012 accident, plaintiff was taken to the hospital, but additional testing did not reveal the presence of any new or exacerbated injury. In 2013, plaintiff had surgery to correct a condition that arose in 2011.

During the course of discovery, defendants had difficulty obtaining plaintiff's compliance during the independent medical examination (IME) and receiving authorization to obtain his medical records. Ultimately, defendant State Farm moved for summary disposition of the litigation until plaintiff cooperated and attended a second IME at plaintiff's expense. The trial court denied the motion for summary disposition, but ordered plaintiff to sign the necessary authorizations to release his medical records and to attend a second IME. On July 3, 2014,

-1-

plaintiff's counsel filed a motion to withdraw because of a breakdown in communication. On July 10, 2014, the trial court granted the motion and gave plaintiff 30 days to obtain new counsel or be deemed to proceed in *propria persona*.

On September 18, 2014, defendant Pommier filed a motion and brief seeking security for costs. It was alleged that plaintiff could not produce any evidence that the August 31, 2012 accident had any impact on his pain complaints that preceded the accident. Although plaintiff asserted that his pain was exacerbated by the accident, and he was disabled from performing chores or even putting his socks on, the police were called to plaintiff's home in April 2013, because plaintiff punched his wife in the face and also damaged a wall in their home. Defendant Pommier claimed that the documentary evidence demonstrated that plaintiff's claims were groundless and unwarranted such that a bond was necessary. Although plaintiff's new counsel filed an appearance with the court on September 22, 2014, he did not file a response to the motion or appear at the September 25, 2014 hearing. The trial court granted defendant Pommier's request for a $10,000 bond.

Similarly, on October 1, 2014, defendant State Farm filed a motion for security for costs, submitting that plaintiff's claims were premised on a tenuous legal theory and appeared to be groundless and unwarranted in light of the documentary evidence involving plaintiff's medical history. Plaintiff did not file a response to this motion. Instead, plaintiff filed a motion for reconsideration of the trial court's grant of security for costs in favor of defendant Pommier. Plaintiff alleged that the serious automobile accident could not be negated by the prejudicial and irrelevant information argued by defendants, and plaintiff's doctor verified that his medical conditions *may* have been exacerbated by the August 2012 motor vehicle accident with defendant Pommier. At the hearing on defendant State Farm's motion for security for costs, plaintiff and his counsel did not appear, and the trial court granted defendant State Farm's request for a $20,000 bond to be posted by October 22, 2014.

On October 23, 2014, the trial court heard oral arguments regarding defendants' request for dismissal with prejudice in light of plaintiff's failure to post a bond as security for costs. Although plaintiff's counsel appeared at the hearing, he did not contest the dismissal, but sought to argue the merits of his motion for reconsideration. The trial court dismissed plaintiff's case with prejudice for failing to post security for costs.

On appeal, plaintiff contends that the trial court erred by granting the request for security for costs, by denying his motion for reconsideration, and by dismissing the action with prejudice.[1] We disagree. The trial court's decision to order a bond for security for costs is reviewed for an abuse of discretion. *Farleigh v Amalgamated Transit Union, Local 1251*, 199 Mich App 631, 633; 502 NW2d 371 (1993). The trial court's decision regarding a motion for reconsideration is also reviewed for an abuse of discretion. *Sanders v Perfecting Church*, 303 Mich App 1, 8-9; 840 NW2d 401 (2013). A decision constitutes an abuse of discretion when it

---

[1] These claims are preserved for appellate review because they were addressed and decided in the trial court. *Henderson v Mich Dep't of Treasury*, 307 Mich App 1, 7-8; 858 NW2d 733 (2014).

falls outside the range of reasonable and principled outcomes. *Holman v Rasak*, 486 Mich 429, 448 n 10; 785 NW2d 98 (2010).

MCR 2.109 governs "Security for Costs" and provides:

**(A) Motion.** On motion of a party against whom a claim has been asserted in a civil action, if it appears reasonable and proper, the court may order the opposing party to file with the court clerk a bond with surety as required by the court in an amount sufficient to cover all costs and other recoverable expenses that may be awarded by the trial court, or, if the claiming party appeals, by the trial and appellate courts. The court shall determine the amount in its discretion. MCR 3.604(E) and (F) govern objections to the surety.

**(B) Exceptions.** Subrule (A) does not apply in the following circumstances:

(1) The court may allow a party to proceed without furnishing security for costs if the party's pleading states a legitimate claim and the party shows by affidavit that he or she is financially unable to furnish a security bond.

(2) Security shall not be required of:

(a) the United States or an agency or instrumentality of the United States;

(b) the State of Michigan or a governmental unit of the state, including but not limited to a public, municipal, quasi-municipal or governmental corporation, unincorporated board, public body, or political subdivision; or

(c) an officer of a governmental unit or agency exempt from security who brings an action in his or her official capacity.

**(C) Modification of Order.** The court may order new or additional security at any time on just terms,

(1) if the party or the surety moves out of Michigan, or

(2) if the original amount of the bond proves insufficient.

A person who becomes a new or additional surety is liable for all costs from the commencement of the action, as if he or she had been the original surety.

A substantial reason may warrant a bond as security for costs:

This Court has held that security should not be required unless there is a substantial reason for doing so. While a plaintiff's poverty alone is not a substantial reason to order security, the assertion of a tenuous legal theory of liability may constitute a substantial reason. [*Farleigh*, 199 Mich App at 634.]

"A 'substantial reason' for requiring security may exist where there is a 'tenuous legal theory of liability,' or where there is good reason to believe that a party's allegations are 'groundless and unwarranted.'" *In re Surety Bond for Costs*, 226 Mich App 321, 331-332; 573 NW2d 300 (1997). "If a party does not file a security bond as ordered, a court properly may dismiss that party's claims." *Id*. at 332. "An order to post security for costs can also be appropriate where there is good reason to believe that a party's allegations, although they cannot be summarily dismissed under MCR 2.116, are nonetheless groundless and unwarranted." *Wells v Fruehauf Corp*, 170 Mich App 326, 335; 428 NW2d 1 (1988).

> If the trial court believes that a Rule 109 [MCR 2.109] bond would be proper absent plaintiff's poverty, he must then assess the indigent plaintiff's financial ability to post bond. In this regard, the rule attempts to balance the right of a poor plaintiff to seek justice with the need of a defendant to have an opportunity for security. In our view, the rule establishes a strong preference for waiver of the bond where the indigent plaintiff's pleadings show a "meritorious claim" – *i.e.*, a legitimate cause of action. In cases where the indigent plaintiff's pleadings show a tenuous legal theory, the plaintiff's interest in free access to the courts becomes less significant when weighed against the defendant's greater need for security. In short, the fulcrum of the rule's balance is the legitimacy of the indigent plaintiff's theory of liability.
>
> This is not to say that legitimacy of the claim will always be determinative. The rule clearly allows for sound trial court discretion. We can imagine few cases, however, where a discreet trial court will require an indigent plaintiff, pleading a valid theory of liability, to post security. [*Gaffier v St Johns Hosp*, 68 Mich App 474, 478; 243 NW2d 20 (1976).]

The legal theory alleged is not controlling, but rather, success on the merits may be considered:

> In determining the legitimacy of a claim, a trial court is not strictly limited to considering the plaintiff's legal theory, but may also consider the likelihood of success on that theory. A trial court's determinations regarding the legitimacy of the claims and a party's financial ability to post a bond are findings of fact that are reviewed only for clear error. [*In re Surety Bond for Costs*, 226 Mich App at 333 (citations omitted).]

"As with the threshold determination of a reasonable and proper basis for imposition of a requirement of the posting of security, the decision to waive security under MCR 2.109(B)(1) is a matter addressed to the sound discretion of the lower court." *Wells*, 170 Mich App at 336.

In this case, plaintiff allegedly suffered injury from the August 2012 automobile accident. However, plaintiff does not dispute the documentary evidence submitted by defendants.[2] After

---

[2] In support of his request for appellate relief, plaintiff submitted his case evaluation summary and a letter advising the trial court that plaintiff's new counsel could not appear at the October

the August 2012 accident, the medical testing did not reveal the presence of any new or exacerbation of an existing injury. Further, the evidence established that plaintiff had a history of vehicle or personal injuries and a history of seeking pain medications. Although plaintiff treated with a pain clinic, he frequently appeared at emergency rooms to obtain additional medications, and when his history and suspected abuse of medications were raised, he became hostile and sought other sources or facilities for medications. Plaintiff claimed disability and the need for services from family members for basic needs including dressing and chores, yet plaintiff was able to physically assault his wife.[3] Furthermore, plaintiff's complaints of pain were inconsistent with his presentation at and departure from the IME. The extensive medical evidence contradicted the meritorious nature and legitimacy of plaintiff's claims. *In re Surety Bond for Costs*, 226 Mich App at 333; *Gaffier*, 68 Mich App at 478. In light of the record, the trial court did not abuse its discretion by ordering plaintiff to post a bond for security for costs. *Farleigh*, 199 Mich App at 633.

Similarly, it cannot be concluded that the trial court's denial of plaintiff's motion for reconsideration was an abuse of discretion. *Sanders*, 303 Mich App at 8-9. Plaintiff attempted to refute the contention that his claims were groundless and unwarranted by submitting an affidavit from Dr. Soo that was not signed or notarized. Irrespective of whether a signed copy was filed, Dr. Soo acknowledged that the condition for which he performed surgery on plaintiff existed in 2011, before the accident in 2012. Nonetheless, he opined that the August 31, 2012 auto accident "*may* have exacerbated a pre-existing condition." However, this conclusory statement did not definitively correlate the accident to an exacerbation of injury, and the underlying foundation for the opinion was completely lacking in the affidavit. See *Rose v Nat'l Auction Group*, 466 Mich 453, 470; 646 NW2d 455 (2002) (noting that conclusory statements without factual support or detail cannot create a factual issue). Thus, the Dr. Soo affidavit failed to create a factual issue regarding the merits of plaintiff's litigation.

---

16, 2014 hearing because of a religious holiday. However, these documents were not filed in the lower court record, and the exhibits constitute an inappropriate expansion of the record on appeal. *In re Harper*, 302 Mich App 349, 360 n 3; 839 NW2d 44 (2013). Additionally, a signed and notarized affidavit from Dr. Soo was never filed with the trial court.

[3] On appeal, plaintiff contends that this irrelevant and prejudicial evidence would not be admissible in the trial court. However, plaintiff requested reimbursement for services, and MCL 500.3107(1) allows for expenses for "reasonably necessary products, services, and accommodations for an injured person's care, recovery, or rehabilitation."

The appropriate remedy for failing to post a security bond as ordered is dismissal. *In re Surety Bond for Costs*, 226 Mich App at 332. In light of the failure to submit the bond as ordered, the trial court properly dismissed plaintiff's complaint.[4]

Affirmed. Defendants, having prevailed, may tax costs. MCR 7.219.

/s/ Amy Ronayne Krause
/s/ Michael F. Gadola
/s/ Colleen A. O'Brien

---

[4] For the first time on appeal, plaintiff alleged that the motion for security for costs was untimely. This argument was not preserved for appellate review because it was never raised in the trial court. *Henderson*, 307 Mich App at 7-8. Furthermore, plaintiff acknowledges that the language of MCR 2.109 contains no timeliness requirement. Indeed, MCR 2.109 is to be examined in light of its plain, unambiguous language, *Wardell v Hincka*, 297 Mich App 127, 132; 822 NW2d 278 (2012), and the rule does not set forth a timeframe for filing the motion. Plaintiff's citation to *Hall v Harmony Hills Recreation, Inc*, 186 Mich App 265, 269; 463 NW2d 254 (1990) does not entitle him to appellate relief. The *Hall* Court relied on the "as early as practicable" language found in *Goodenough v Burton*, 146 Mich 50, 52; 109 NW 52 (1906). However, that standard from the *Goodenough* Court pre-dated the court rule and was not incorporated into the plain language.