*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

LEWIS BROOMFIELD,

        Plaintiff-Appellant,

v

HOMEOWNERS INSURANCE COMPANY,

        Defendant-Appellee,

and

AMBER LARIVEE,

        Defendant.

UNPUBLISHED
December 12, 2024
3:15 PM

No. 369164
Oakland Circuit Court
LC No. 2022-195369-NI

Before: YOUNG, P.J., and M. J. KELLY and FEENEY, JJ.

PER CURIAM.

In this first-party personal protection insurance (PIP) action, plaintiff appeals as of right the trial court's order dismissing the case without prejudice. We affirm.

On August 11, 2021, plaintiff and defendant Amber Larivee were involved in an automobile accident. Plaintiff alleged that Larivee operated her vehicle negligently, causing him to be injured in a way that seriously affected his functioning. He filed a complaint against Larivee for her negligence and against his insurer, defendant Homeowners Insurance Company (Homeowners) on August 1, 2022. Plaintiff claimed that he was entitled to lost wages, PIP benefits, uninsured or underinsured motorist benefits, and services and expenses related to his accident under the Michigan no-fault act, MCL 500.3101, and the Homeowners' insurance policy. He alleged that Homeowners had refused or delayed in paying the expenses.

Plaintiff failed to provide discovery and responses to defendants until required by court order, and even then, failed to provide meaningful responses. The trial court dismissed plaintiff's claims for lost wages, attendant care, household services, medical mileage, and expenses that occurred after November 30, 2021, for failure to provide reasonable proof of loss. Larivee, and

-1-

plaintiff's claims for underinsured or uninsured motorist benefits, were dismissed by stipulation. The only claim remaining at issue was a pharmacy bill for $3,033.84. Homeowners moved for the trial court to order plaintiff to post a security bond because it alleged plaintiff's claim was frivolous. Plaintiff initially submitted an unsigned affidavit stating that he was "financially unable to post a $12,000 bond as requested, even if that failure leads to the dismissal of this action." He submitted a signed version of the affidavit 11 days later. The trial court granted Homeowners' motion for security of costs and ordered a $12,000 bond. Plaintiff moved for reconsideration, arguing that the trial court made a palpable error. The trial court denied this motion. Plaintiff failed to pay the bond, causing his complaint to be dismissed without prejudice on December 5, 2023.

Plaintiff argues on appeal that the trial court's order denying his motion for reconsideration was an abuse of discretion because he stated a legitimate claim for relief and provided an affidavit that stated he was unable to pay the security bond. We disagree.

The trial court's decision on a motion for reconsideration is reviewed for an abuse of discretion. *Woods v SLB Prop Mgt, LLC*, 277 Mich App 622, 629; 750 NW2d 228 (2008). An abuse of discretion occurs if the trial court's decision falls "outside the principled range of outcomes." *Id*. at 625 (citation omitted). The trial court's findings about the legitimacy of plaintiff's claims and his ability to pay a security bond are findings of fact reviewed for clear error. *Hall v Harmony Hills Recreation, Inc*, 186 Mich App 265, 271; 463 NW2d 254 (1990). Findings are clearly erroneous when this Court is left with a "definite and firm conviction" that an error was made after reviewing the record. *Save Our Downtown v Traverse City*, 343 Mich App 523, 543; 997 NW2d 498 (2022).

The trial court may order that a party file a security bond sufficient to cover all costs and reasonable expenses of litigation. MCR 2.109(A). A security bond is appropriate when there are substantial doubts as to the validity of a party's claim or defense. *Hall*, 186 Mich App at 270. The court may allow a party to proceed without paying the security bond if the pleading of the party states a legitimate claim and the party shows by affidavit that they are unable to pay the security bond. *In re Surety Bond for Costs*, 226 Mich App 321, 332; 573 NW2d 300 (1997); MCR 2.109(B). The plaintiff must support their claim of financial inability to pay. *West v Roberts*, 454 Mich 879 (1997) (reinstating the trial court's dismissal of the plaintiff's complaint for failure to post a security bond, based on the dissenting opinion of this Court, which determined the plaintiff did not demonstrate that he was financially unable to post the bond).

A plaintiff cannot be barred from the courts solely because of their inability to pay, so the court must also consider the legitimacy of their claim. *Farleigh v Amalgamated Transit Union*, 199 Mich App 631, 635; 502 NW2d 371 (1993). The rule "establishes a strong preference for waiver of the bond" when an indigent plaintiff can show a legitimate cause of action. *Surety Bond*, 226 Mich App at 333 (citation omitted). The trial court may consider the legal theory of the plaintiff and the likelihood of success on this theory. *Id*. at 334. An "allowable expense" under the no-fault act is a legitimate claim. *ZCD Transp, Inc v State Farm Mut Auto Ins Co*, 299 Mich App 336, 341; 830 NW2d 428 (2012); MCL 500.3107(1)(a). The plaintiff must prove that (1) the expense is causally connected to the accident, (2) the expense was reasonably necessary, (3) it was for the care of the injured plaintiff, (4) the expense amount was reasonable, and (5) the expense was actually incurred. *ZCD Transp, Inc*, 299 Mich App at 341.

Here, the trial court did not abuse its discretion in denying plaintiff's motion for reconsideration. The trial court ordered plaintiff to pay a $12,000 bond. MCR 2.109(A). The trial court stated there were substantial grounds for the security bond because the claims of plaintiff were questionable. *Hall*, 186 Mich App at 270. The trial court may have allowed plaintiff to proceed without paying the bond if he stated a legitimate claim for relief and showed he was financially unable to pay the bond. *Surety Bond*, 226 Mich App at 332; MCR 2.109(B). Plaintiff provided no evidence that he was unable to pay the $12,000 bond beyond his affidavit, which merely stated that he was "financially unable to post a $12,000 bond as requested." Plaintiff was retired, but provided no further information about his financial state. Plaintiff failed to support his claim of financial inability to pay. *West*, 454 Mich 879. The trial court found plaintiff's affidavit insufficient to grant his request to reconsider the security bond. It was not clearly erroneous for the trial court to find that plaintiff had failed to establish his financial inability to pay the security bond. *Hall*, 186 Mich App at 271.

Plaintiff additionally failed to establish a legitimate claim. *Farleigh*, 199 Mich App at 635. Plaintiff's legal theory as to why he was entitled to repayment of the prescription bill was that it was an allowable expense under the no-fault law. Plaintiff initially submitted two additional bills, but one predated the accident and the other postdated his final submitted expense for PIP benefits. Plaintiff provided no information on why he was prescribed pregabalin. There was no evidence that the expense was reasonably necessary. *ZCD Transp, Inc*, 299 Mich App at 341. While plaintiff was prescribed the pregabalin after the accident, it is unclear that it was causally connected to the accident. *Id* at 340. A physician attending to plaintiff after the accident indicated that he had treated plaintiff before the accident for similar conditions.[1] Therefore, the pregabalin may have been prescribed for a preexisting condition as pregabalin treats nerve pain. The charge was not objectively reasonable, as the pharmacy charged plaintiff approximately six times the average wholesale price. *Id* at 342. The charge was likely actually incurred, as plaintiff was billed for the prescription. On balance, it is unlikely that plaintiff would succeed on his claim that the prescription was an allowable expense under the no-fault act. *Surety Bond*, 226 Mich App at 333. The trial court's factual finding regarding the weakness of plaintiff's claim was not clearly erroneous. *Hall*, 186 Mich App at 271.

Therefore, it was within the range of principled outcomes for the trial court to deny plaintiff's motion for reconsideration. *Woods*, 277 Mich App at 625. Dismissal is a proper remedy when a party fails to pay a security bond. *Surety Bond*, 226 Mich App at 331.

Affirmed.

/s/ Adrienne N. Young
/s/ Michael J. Kelly
/s/ Kathleen A. Feeney

---

[1] The report is handwritten and it is not clear what conditions the physician treated plaintiff for previously. It appears that plaintiff was treated for three conditions after the accident and had been treated for two of them before the accident.