*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DEBRA MARBLY,

UNPUBLISHED
April 14, 2026
11:44 AM

Plaintiff-Appellant,

v

No. 373713
Wayne Circuit Court
LC No. 18-015441-NI

BRANDI ROBERTSON,

Defendant,

and

AMERICAN COUNTRY INSURANCE
COMPANY,

Defendant-Appellee.

Before: CAMERON, P.J., and BORRELLO and SWARTZLE, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order dismissing the action with prejudice for failure to post security bond as ordered by the trial court. For the reasons set forth in this opinion, we reverse and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

This matter is before the Court following remand to the trial court pursuant to this Court's prior decision. As set forth in our previous opinion, the litigation stems from injuries allegedly sustained by plaintiff in a motor vehicle accident while operating a vehicle owned by her employer and insured by defendant. See *Marbly v Robertson*, unpublished per curiam opinion of the Court of Appeals, issued June 17, 2021 (Docket No. 348911), p 1. Plaintiff subsequently sought personal protection insurance (PIP) benefits from defendant. *Id*.

As in the instant appeal, the prior appellate proceedings also addressed the issue of a security bond. The trial court dismissed the action after plaintiff failed to post a $5,000 security

-1-

bond within 30 days of the order requiring such security. *Id*. at 2. On appeal, this Court reversed, finding that the trial court imposed a security bond in an amount exceeding six months of Plaintiff's income without making the factual findings required to support the imposition of such bond. *Id*. at 4-6. The Court remanded the matter for further proceedings and reinstatement of the action. *Id*. at 6. [1]

Upon remand, the trial court, on defendant's motion, once again ordered plaintiff to post a $5,000 security bond within 30 days. Plaintiff did not post the bond, citing insufficient financial resources, and the trial court dismissed the matter with prejudice. The case is now before this Court again on plaintiff's subsequent appeal.

## II. ANALYSIS

"We review a trial court's decision to require a security bond for an abuse of discretion." *In re Surety Bond for Costs*, 226 Mich App 321, 331; 573 NW2d 300 (1997).

As we observed in our prior opinion, MCR 2.109 provides in relevant part as follows:

> (A) Motion. On motion of a party against whom a claim has been asserted in a civil action, if it appears reasonable and proper, the court may order the opposing party to file with the court clerk a bond with surety as required by the court in an amount sufficient to cover all costs and other recoverable expenses that may be awarded by the trial court, or, if the claiming party appeals, by the trial and appellate courts. The court shall determine the amount in its discretion. . . .

> (B) Exceptions. Subrule (A) does not apply in the following circumstances:

> (1) The court may allow a party to proceed without furnishing security for costs if the party's pleading states a legitimate claim and the party shows by affidavit that he or she is financially unable to furnish a security bond.

In our prior opinion, we sought to provide clear guidance to the trial court regarding the proper legal standard under MCR 2.109 for determining whether the imposition of a security bond is warranted. Security should not be required absent a substantial justification, such as the assertion of a tenuous legal theory of liability or a well-founded belief that a party's claims are objectively groundless or unwarranted. See *Marbley*, unpub op at 3 (internal quotation marks and citations omitted). Furthermore, where a party raises indigence in opposition to the bond, the trial court must *explicitly consider* the exception set forth in MCR 2.109(B)(1) concerning the plaintiff's financial incapacity to post a security bond. See *Marbley*, unpub op at 4.

---

[1] We note that since our last opinion in this matter, the trial court entered a stipulated order "substituting the Michigan Property Casualty Guaranty Association in the place and stead of American Country Insurance Company as result of the liquidation of American Country Insurance Company." Furthermore, defendant Brandi Robertson is not a party to this appeal. Hence, for purposes of this appeal, we will simply refer to the insurance company as "defendant."

The trial court must then engage in the following balancing analysis:

> In exercising its discretion, the court should view the required findings on legitimacy and financial ability in a relative sense. In [*Gaffier v St Johns Hosp*, 68 Mich App 474, 478; 243 NW2d 20 (1976)], this Court thoroughly examined and explained how discretion should be exercised under the former version of MCR 2.109(C)(1):
>
>> If the trial court believes that a Rule 109 bond would be proper absent plaintiff's poverty, he must then assess the indigent plaintiff's financial ability to post bond. In this regard, the rule attempts to balance the right of a poor plaintiff to seek justice with the need of a defendant to have an opportunity for security. In our view, the rule establishes a strong preference for waiver of the bond where the indigent plaintiff's pleadings show a "meritorious claim"—i.e., a legitimate cause of action. In cases where the indigent plaintiff's pleadings show a tenuous legal theory, the plaintiff's interest in free access to the courts becomes less significant when weighed against the defendant's greater need for security. In short, the fulcrum of the rule's balance is the legitimacy of the indigent plaintiff's theory of liability.
>>
>> This is not to say that legitimacy of the claim will always be determinative. The rule clearly allows for sound trial court discretion. We can imagine few cases, however, where a discreet trial court will require an indigent plaintiff, pleading a valid theory of liability, to post security.
>
> In support of its finding of an abuse of discretion, this Court in *Gaffier*, *supra*, 68 Mich App p. 479, 243 NW2d 20, wrote:
>
>> The security provided to this one defendant was more than plaintiff's yearly . . . income. Defendant's motion gave no explanation of the necessity of that sum, nor indicated any particular hardship that would result were the bond to be denied. We cannot bar this plaintiff from the courts because of her poverty.
>
> We adopt the quoted passages from *Gaffier*, *supra*, 68 Mich App pp. 478–479, 243 NW2d 20, as the correct statement of how discretion should be exercised under the present version of the rule . . . . In doing so, we note that the rule does not require indigency, but merely financial inability to furnish a security bond. [*Marbly*, unpub op at 5, quoting *Hall v Harmony Hills Recreation, Inc*, 186 Mich App 265, 271-272; 463 NW2d 254 (1990) (some quotation marks omitted; alteration and ellipses in original).]

On remand, the trial court failed to articulate any rationale supporting the amount of the security bond considering plaintiff's uncontested indigence. Instead, the trial court summarily

asserted that "logic and reason and fairness dictate that Ms. Marbly be required to post a bond in the amount of $5,000." The absence of specific findings or analysis precludes this Court from conducting a meaningful appellate review of the trial court's underlying reasoning and balancing of relevant factors. Accordingly, we reverse the trial court's orders imposing a security bond on the plaintiff and dismissing the action for failure to post said bond. This matter is remanded with instructions for the trial court to scrupulously comply with the procedural directives articulated in *Hall*, as delineated in our prior opinion. On remand, the trial court shall make specific, detailed findings of fact sufficient to enable effective appellate review in any future proceedings.

Reversed and remanded. We do not retain jurisdiction. Plaintiff having prevailed is entitled to costs. MCR 7.219(A).

/s/ Thomas C. Cameron
/s/ Stephen L. Borrello
/s/ Brock A. Swartzle